# SPOKANE FALLS AND NORTHERN RAILWAY COMPANY *v.* ZIEGLER.

ERROR TO THE COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 211. Submitted March 12, 1897. — Decided May 10, 1897.

A complaint which alleges that the plaintiff was preëmptor of public land in Washington Territory under the laws of the United States, on which he had lived sufficient time to entitle him to a patent, and that the defendant railroad company, a corporation organized under the laws of

that Territory entered upon and seized a strip of said land and appropriated it for railroad purposes without plaintiff's consent and without having compensated him therefor, discloses a case of a contest between a settler claiming title under the laws of the United States, and a railroad company claiming title under an act of Congress, and makes a case of which the Circuit Court of the United States for that Circuit had jurisdiction.

A railroad company whose road is laid out so as to cross public lands cannot take a part thereof in possession and occupation of a settler who is entitled to claim a preëmption right thereto, and who has made improvements thereon, without making him proper compensation.

Such a preëmption settler, who has paid to the United States the price of the preëmpted land is entitled to recover damages as owner of the fee, although the patent may not be acquired till after the seizure.

This case arose under § 2456 of the code of Washington Territory which required compensation to be made to the owner of the land irrespective of any increased value by reason of the proposed improvement.

THIS action was commenced in the Superior Court of Spokane County, State of Washington, wherein William H. Ziegler, on October 5, 1891, filed his complaint against the Spokane Falls and Northern Railway Company, a corporation organized under the laws of the Territory of Washington, seeking to recover the value of a certain piece of land taken by the company for its roadbed and right of way, and also to recover damages for the alleged diminution in value of the tract of land through which the strip extended, caused by the construction of the road and the use of the same as a steam railway. Upon petition of the defendant company, alleging that the suit arose under the laws of the United States, and that the rights of the parties depended upon the construction thereof, the case was removed into the Circuit Court of the United States for the District of Washington, Eastern Division.

In his complaint the plaintiff alleged that, on May 1, 1889, he was in possession as a preëmptor, under the laws of the United States, of the east half of the southeast quarter of section four, township twenty-five north, range forty-three east, Willamette meridian, in the said county, containing about eighty acres, and had then made all such improvements, had lived on the land for such length of time, and had done all

such acts as were necessary to entitle him to a patent to the land from the United States upon making final proofs and paying the purchase price required by statute, and had then made final proofs and filed the same in the land office of the United States at Spokane Falls, and had tendered the purchase price of the land, or two dollars and a half per acre, to the receiver of that office, and had demanded from the register and receiver of the office a final receipt evidencing the plaintiff's entry of the land and payment therefor; that the defendant company was authorized by its articles of incorporation to build, equip, maintain and operate a line of steam railway from the city of Spokane Falls (now the city of Spokane) in a northerly direction to the Columbia River; that on the said date the company, acting in pursuance of the laws of the Territory of Washington authorizing railway companies to appropriate lands for railway tracks, entered upon and seized, without making compensation to the plaintiff, and without his consent, a strip of land fifty feet wide, extending through the said land, and built thereon its tracks, and had ever since been using the same as a line of steam railway. The plaintiff averred that the said land was in close proximity to the city of Spokane, and at the time of the taking of the same by the company was very valuable for the purpose of being divided into blocks and lots; that the company's road extended diagonally across the land, and prevented the portions of the land abutting on the road from being platted advantageously; that the operating of a line of steam railway through the land largely diminished its value for residence purposes, or for any purpose; that the road was built upon a grade which was higher at some places and lower at others than the natural surface of the land, by reason whereof cuts and fills were made, which diminished the value, for residence purposes, of the land abutting on the road, and made it necessary that all streets laid out across the road should conform to the grade thereof. It was further averred by the plaintiff that since the taking of the said strip of land and the building of the road thereon by the company, the final proofs made by him and filed in the land office, as aforesaid, had

been passed upon and accepted as satisfactory by the proper officers; that the money tendered, as aforesaid, had been accepted, and that a patent for the land had been duly executed and delivered to him by the United States. The plaintiff demanded judgment for $30,000, asserting that the value of the said strip of land taken was $5000, and that the tract of land through which it extended was damaged by the construction and operation of the road to the extent of $25,000.

The defendant company filed its answer on February 19, 1892, wherein it denied the essential allegations of the complaint as to the damage to the said tract of land caused by the construction and operation of the road through the same, and, in defence of the plaintiff's demand of compensation for the strip of land taken, alleged that on June 5, 1888, the company filed in the office of the Secretary of the Interior of the United States a copy of its articles of incorporation, and due proof of its organization under the same, which were duly approved by the Secretary on that date, and that thereupon the defendant became entitled to survey, locate, construct and maintain its railroad through and over all lands between the termini of the road which were public lands of the United States at the time of the filing of said copy of the articles of incorporation, and proof of organization, and became the owner of a right of way through the public lands to the extent of one hundred feet on each side of the central line of the road upon such route as it might select, and also acquired the right to take from the public lands adjacent to the line of the road, material, earth, stone and timber necessary for the construction of the road, as granted by the act of Congress entitled "An act granting to railroads the right of way through the public lands of the United States," approved March 3, 1875, and that by the filing of the said copy of the articles of incorporation, and proof of organization, and the approval thereof as aforesaid, the grant in the said act became operative and applied to the defendant company to the same extent as if it had been a special grant in the name of that company; that afterwards, and in the month of March, 1889, the company, acting under the provisions of the said act, and as authorized by its articles

of incorporation, commenced the construction of its road between the city of Spokane Falls and the Columbia River, and between March 8 and April 8, 1889, surveyed the definite line of its road from a point in that city to a point twenty miles in a northerly direction therefrom, and caused such survey to be marked on the ground in the manner customary in surveying and marking lines for railways, and that the line so surveyed and marked ran through and over the land described in the complaint; that in June, 1889, the defendant had fully constructed and completed its road, upon the said line of survey, through the said land, and within the year 1889 had fully completed the road from the city of Spokane Falls to the Columbia River, and had ever since operated the same; that at the time of the filing of a copy of the articles of incorporation, and proof of organization, with the Secretary of the Interior, and during all the time thereafter until the completion of the road, the lands described in the complaint were public lands of the United States, and the title thereto was in the United States, and the lands were subject to the grant contained in the said act of Congress; that on August 3, 1889, within twelve months after the location of the road over the said land, the company filed with the register of the land office where the land was located a profile of its road, which profile was duly approved by the Secretary of the Interior in December, 1889; that the plaintiff's entry of the land was made and the patent thereto issued long subsequent to the construction of the road and the approval of the said profile; and that the sale and conveyance of the land by the United States to the plaintiff was subject to the defendant's said right of way. The defendant asked for a judgment quieting its title.

All of the foregoing allegations of the answer tending to show title to the said strip of land in the defendant were denied by the plaintiff in his replication, filed March 11, 1892.

The case was tried in the said Circuit Court before the court and a jury. At the close of the testimony the defendant requested the court to give the jury the following instruction:

"It appearing from the uncontroverted proof in this case that

at the time the defendant filed its articles of incorporation, and proofs of its organization, with the Interior Department, on the 5th day of June, 1888, the plaintiff was a preëmption claimant to the land in controversy, and did not pay for said land until after that date nor until after the construction of said road over the premises, he is not entitled to a verdict for any amount, and the jury are instructed to return a verdict for the defendant."

This instruction was refused, to which refusal the defendant excepted. The court then, of its own motion, gave the jury certain instructions, and the defendant excepted to the portion thereof following :

" He [the plaintiff] is in any event to have the full value of the land they have taken for the right of way, and if the land that is left to him is injured at all, then he is entitled, in addition to that, to have the difference between the value of the whole tract and the value of what is left of it, taking the value as it was when the road was built, and the market value, irrespective of the effect on the market value by reason of the building of the road."

Exceptions were also taken by the defendant to the rejection of certain testimony offered on its behalf, and to the admission of certain testimony for the plaintiff.

On April 27, 1892, the jury rendered a verdict in favor of the plaintiff, assessing his damages at the sum of $7500, and also returned a special finding as follows: " We, the jury, in the case of William H. Ziegler against the Spokane Falls and Northern Railway Company, defendant, find specially that the defendant has appropriated for its right of way a strip of land twenty-five feet in width on each side of the centre line of its track, extending across the plaintiff's land described in the complaint, and no more, and that the area of plaintiff's land so appropriated is one and eight-tenths acres, and no more ; and the amount of damages awarded by our general verdict is computed upon the basis of the land appropriated for said right of way, being a strip fifty feet in width and containing one and eight-tenths acres."

Judgment in the said amount was entered April 29, 1892.

The defendant moved for a new trial, and upon the denial of his motion, took the case on writ of error to the United States Circuit Court of Appeals for the Ninth Circuit. That court affirmed the judgment of the court below, and the defendant, after having been denied a rehearing, sued out a writ of error from this court.

*Mr. A. T. Britton*, *Mr. A. B. Browne* and *Mr. Albert Allen* for plaintiff in error.

*Mr. George Turner* for defendant in error.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

This action was brought by William H. Ziegler against the Spokane Falls and Northern Railway Company in the Superior Court for Spokane County, Washington, and was, on the petition of the railway company, removed into the Circuit Court of the United States for the District of Washington. The trial there resulted in a verdict and judgment in favor of Ziegler. That judgment the railway company by a writ of error took to the Circuit Court of Appeals of the Ninth Circuit. 15 U. S. App. 472; 29 U. S. App. 69. The judgment of the Circuit Court was there affirmed. The case is before us on a writ of error to the judgment of the Circuit Court of Appeals, sued out by the railway company.

The plaintiff in error now contends that the judgment should be reversed and the record sent back to the Circuit Court, with directions to remand the case to the state court whence it was taken on the petition of the plaintiff in error. The ground of this contention is that the plaintiff's statement in the state court did not disclose either that the parties were citizens of different States or a cause of action involving a right claimed under the Constitution or laws of the United States.

Whether it would be competent for the plaintiff in error, in the circumstances stated, to challenge the jurisdiction of

the Circuit Court at this stage of the controversy we need not consider, because we think that the plaintiff's statement did disclose a cause of action arising under the laws of the United States and cognizable by the Circuit Court.

In his complaint the plaintiff alleged that, on May, 1, 1889, he was in possession, as a preëmptor under the laws of the United States, of a tract of land containing about eighty acres, and on said date had made all the improvements and had lived on the land a sufficient length of time, and had done all other acts necessary to entitle him to a patent to the same from the United States; that the defendant company, being a corporation of the Territory of Washington, on said date entered upon and seized a strip of said land fifty feet in width, and appropriated it for railroad purposes without the consent of the plaintiff, and without having compensated him therefor; and that the entry upon and seizure by the defendant of the land was under and pursuant to the laws of the Territory of Washington authorizing railroad companies to appropriate land for right of way for railroad tracks.

We have judicial knowledge that the authority of the Territory to legislate, in respect to the right of a territorial railroad corporation to enter upon the public lands of the United States, was derived from the act of Congress entitled "An act granting to railroads the right of way through the public lands of the United States," approved March 3, 1875, 18 Stat. 482, whereby the right of way through the public lands of the United States was granted to any railroad company duly organized under the laws of any State or Territory.

The plaintiff's complaint, therefore, discloses the case of a contest between a settler claiming title under the laws of the United States and a railroad company claiming a right under an act of Congress; and of such a case the Circuit Court for the District of Washington clearly had jurisdiction. *Doolan* v. *Carr*, 125 U. S. 618, 620; *Cooke* v. *Avery*, 147 U. S. 375.

Passing from the question of jurisdiction, we come to the contention of the plaintiff in error that Ziegler, as a mere settler upon lands of the United States, although with an

intention to obtain a title to the same under the preëmption laws, did not have such a vested interest in the land as would avail against the railway company in asserting its right of way conferred by the act of Congress.

An answer to this question is furnished by the case of *Washington & Idaho Railroad Co.* v. *Osborn*, 160 U. S. 103, where it was held that a railroad company whose road is laid out so as, under the provisions of the act of March 3, 1875, to cross a part of the public lands, cannot take part thereof in the actual possession and occupation of a settler who is entitled to claim a preëmption right thereto when the proper time shall come, and who has made improvements on the land so occupied by him, without making proper compensation therefor.

The court based its conclusion in that case upon the language of the third section of the act, which is as follows: "That the legislature of the proper Territory may provide for the manner in which private lands and possessory claims on the lands of the United States may be condemned, and when such provision shall not have been made, such condemnation may be made in accordance with section three of the act entitled ' An act to aid in the construction of a railroad and telegraph line from the Missouri River to the Pacific Ocean,' etc., approved July 1, 1862."

And it was held that the right of a settler in possession of unsurveyed lands of the United States, who had made improvements with the intention of procuring a title under the preëmption laws as soon as the same should be surveyed by the government, was a possessory claim within the meaning of the statute, for which compensation must be made by a railroad company seeking to appropriate a part of it for its tracks.

The final contention on behalf of the plaintiff in error is that the trial court erred in holding and deciding that the words " possessory claims," used in said act of Congress, were intended to protect more than the improvements of a settler, and thus, in effect, holding and deciding that the settler was entitled to receive pay for the land as though he was the owner in fee.

Even if it were the law, as is assumed in this contention, that the plaintiff, as the holder of a possessory claim, was not entitled to the same measure of compensation as if he had secured his patent from the United States, it would be difficult to convict the trial judge of any error in that respect. In the charge the judge instructed the jury as follows: "As I have said, the court holds the plaintiff to be the owner of the land, but I do not wish to be understood by that as saying that he was then the owner in fee; that he had a title in fee or other rights than such as belonged to a settler under the preemption law of the United States, which gave him a possessory right and a vested interest in the property, so that no part of it could be lawfully taken from him without compensation being paid for it; and in determining the amount of damages to be awarded to him, you will take into consideration the condition the title was in at the time the road was · · built and award him the value of the property as you find it to be, considering the title to be involved as it was by reason of the matter being undetermined in the land department as to his right to it, and there being a contest, and that he was obstructed in obtaining his patent to it by reason of a dispute as to its right. Now, taking that into account, you will award him such amount of damages as will compensate him for so much of the land as the railroad company has appropriated for the right of way and for whatever injurious effect the road may have caused to the land which he owned, the balance of the eighty-acre tract described in his complaint."

Under this instruction the railroad company would seem to have received the benefit of any distinction that could be fairly made between a possessory title and one that had matured into a patent. But upon the facts disclosed by this record, we do not think that the railroad company was entitled to the benefit of such a distinction. While it is true that, at the time when the company took possession of the plaintiff's land, the latter had not yet received his patent, but had only made the final proofs and filed the same in the land office of the United States and had tendered the purchase price thereof, and had demanded from the register and re-

ceiver of said land office a final receipt evidencing his entry of and payment for said land, yet it further appears that before the plaintiff brought this suit his purchase money had been accepted and a patent from the United States for the said tract of land had been duly executed and delivered to him. The plaintiff, then, having been in possession of the land in question, and having done and performed all that the law required to give him a right to a patent, before the railroad company seized the land, we think the grant of the patent, subsequent to such seizure, but before the bringing of the suit, operated to confer upon the plaintiff the right to demand and recover damages as the owner of the fee. The railroad company having taken possession without the consent of the owner, and not having instituted proceedings to condemn, was a trespasser, and liable to indemnify the plaintiff in respect to his possession and title, as they were shown to exist at the time the suit was brought.

To avoid possible misunderstanding, it may be observed that, as mentioned by the Circuit Court of Appeals, this case arose under § 2456 of the code of Washington Territory, which authorized any corporation, organized for the construction of a railroad, canal or bridge, to take lands, but required "compensation to be made to the owner thereof, irrespective of any increased value thereof by reason of the proposed improvement by such corporation." See 15 U. S. App. 472.

The judgment of the Circuit Court of Appeals is

*Affirmed.*