KING v. LAWSON et al.

(Circuit Court, D. South Dakota, S. D.   December 15, 1897.)

FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.

A bill to protect a homestead entry man in making the improvements required by the law, by enjoining interference by defendants, who, as is alleged, claimed a portion of the land under the town-site act, but whose claims were rejected by the secretary of the interior, does not present any question arising under the laws of the United States.

Suit in equity by Henry J. King against William Lawson and others.   Heard on motion for temporary injunction.

King & Greene, for complainant.
John D. Rivers, for defendants.

CARLAND, District Judge.   The complainant made a homestead entry of lots 3 and 4, and S. E. ¼ of S. W. ¼, section 10, and lot 1 of section 15, township 104, range —— W. of 5th P. M., Brule county, S. D., under section 2290, Rev. St. U. S., on September 30, 1897.   He had made a settlement upon said land before the date of said entry, and from the time of settlement until the present has been in the possession of the same, except as that possession has been disturbed by the defendants, who have resided upon the land for some years, and claim to reside upon the same as town-site claimants; being in the actual occupancy of a portion of said land, to the extent of two acres each.   Before complainant was allowed to make a homestead entry of the land by the local land office, a hearing was ordered, and had, to determine whether complainant should be allowed to make a homestead entry of the same, or the mayor of the city of Chamberlain, S. D., a town-site entry thereof in trust for the defendants and others.   Such proceedings were had on said hearing that on the 15th day of June, 1897, the honorable secretary of the interior decided that complainant should be allowed to make a homestead entry of the land, and that the defendants had no rights thereto as townsite claimants.   The defendants refused to abandon the land, and are insisting upon their right to remain thereon, and, as complainant avers, refuse to allow him to make his improvements and otherwise comply with the homestead laws of the United States, and have destroyed certain improvements, in the way of fencing, made by complainant.   Complainant avers that he is in possession under and by virtue of the homestead laws of the United States, and that the rights involved, and claimed by him, are based upon the federal statutes and laws in relation to homestead claims.   All the parties to this action are citizens of South Dakota.   On November 12, 1897, complainant filed his bill in this court, alleging the foregoing facts, among others, and praying for a mandatory and prohibitory injunction, removing the defendants from the possession of said land, and restraining them from in any wise interfering with complainant in the making of the necessary improvements required of him as a homestead entry man.   Complainant also moved, on the bill, upon due

notice, for a temporary injunction. A hearing on said motion was had December 7, 1897.

Defendants opposed the granting of the temporary injunction upon several grounds, the first among which is want of jurisdiction, arising from the fact that the bill does not show that any federal question is involved in this controversy. The fact that a holding that a federal question exists in the case stated would bring under the jurisdiction of this court numerous cases where title to land is being acquired under the land laws of the United States has caused a somewhat careful consideration of this point. Whether the case is one which presents a federal question must be ascertained from the bill itself. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Postal Tel. Cable Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192; St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 15 C. C. A. 167, 68 Fed. 9. A case is said to arise under the constitution and laws of the United States whenever its correct decision depends upon the construction of either, or whenever the constitution, laws, or treaties of the United States create or confer the right, privilege, claim, or title on which the plaintiff relies, in whole or in part, for a recovery. A case is one of federal cognizance whenever it becomes necessary to construe the constitution, laws, or treaties of the United States, or to decide as to the existence of some right, title, privilege, claim, or immunity asserted thereunder. Cohens v. Virginia, 6 Wheat. 264; Osborn v. Bank, 9 Wheat. 738; Starin v. City of New York, 115 U. S. 248, 6 Sup. Ct. 28; Mayor v. Cooper, 6 Wall. 247; Tennessee v. Davis, 100 U. S. 257; Railroad Co. v. Mississippi, 102 U. S. 135; Metcalf v. Watertown, 128 U. S. 586, 588, 9 Sup. Ct. 173; Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030; Provident Sav. Life Assur. Soc. v. Ford, 114 U. S. 635, 5 Sup. Ct. 1104; Water Co. v. Keyes, 96 U. S. 199; Romie v. Casanova, 91 U. S. 379.

In the case of St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 15 C. C. A. 179, 68 Fed. 9, the court of appeals for this circuit stated the doctrine about as broadly as can be found in any of the cases. The court said:

"Nor is it at all material, so far as the question of jurisdiction is concerned, that the court may not be compelled to construe the acts of congress in the respect stated, or in any other; for, as we have already shown, its jurisdiction does not depend upon the nature of the question that is ultimately decisive of the plaintiff's right to recover. If a case is commenced originally in the circuit court, and, by a fair construction of the complaint, it appears that the plaintiff predicates his right to relief on the meaning or effect of a law of the United States, and the claim is made in good faith, so that there is a real, instead of a merely colorable, controversy, then jurisdiction over the case exists, even though it may appear that the right to the same relief is asserted on another ground, that does not involve the consideration of a federal question. In concluding the discussion on this branch of the case, it is proper to add that we do not concur in the view that the case is one of federal cognizance merely because the title to the lands in controversy is derived from the United States."

In Railway Co. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728, Ziegler alleged in his complaint that on May 1, 1889, he was in possession, as a pre-emptor under the laws of the United States, of a tract of land containing about 80 acres, and on said date had made all the

improvements, and had lived on the land a sufficient length of time, and had done all other acts necessary, to entitle him to a patent to the same from the United States; that the defendant company, being a corporation of the territory of Washington, on said date entered upon and seized a strip of said land, 50 feet in width, and appropriated it for railroad purposes, without the consent of the plaintiff, and without having compensated him therefor; and that the entry upon and seizure by the defendant of the land were under and pursuant to the laws of the territory of Washington, authorizing railroads to appropriate land for right of way for railroad tracks. The supreme court said it would take judicial knowledge that the defendant railroad was acting under the act of congress entitled "An act granting to railroads the right of way through the public lands of the United States," approved March 3, 1875 (18 Stat. 482), when it seized plaintiff's land, and, with this knowledge to aid the complaint, it presented a federal question; but it is nowhere intimated that, if the defendant company had not been acting under an act of congress, the complaint would have presented a federal question.

In Romie v. Casonova, 91 U. S. 379, it was held that where, in a state court, both parties to a suit for the recovery of the possession of lands claimed under a common grantor, whose title under the United States was admitted, and where the controversy extended only to the rights which they had severally acquired under it, no federal question existed.

Applying the law as established by the foregoing decisions, and giving to the statute conferring jurisdiction upon this court a liberal interpretation, how does it appear, from the facts stated, that there may arise any federal question in the trial of the case at bar? How does it appear that the court will be called upon to construe, explain, or give effect to any law of congress? It is not sufficient for the pleader to allege merely the legal conclusion that the complainant's rights depend upon the construction of a law of the United States; but the facts themselves must be stated, so that the court can determine for itself whether the controversy is one arising under the constitution or laws of the United States. In the case at bar the facts, no doubt, are stated as fully as it was possible for the pleader to state them. The case simply presents a homestead entry man in possession of land from which he desires to oust the defendants, who are, so far as the bill is concerned, trespassers. The trial of a case would only involve the determination of questions of fact, as it does not appear from the bill that defendants are claiming any different construction of the laws of the United States than is the complainant. The complainant may be considered as a vendee in possession under a land contract. He will obtain title if he performs his contract, but the mere fact that his contract is with the United States does not necessarily involve the construction of the laws of the United States, or the determination of the meaning or effect of such laws, or any of them. The United States makes many contracts, and nearly all of them are made under and by authority conferred by some act of congress; but the mere fact that these contracts are so made would not of itself give a party to such contract the right to go into a fed-

eral court in every suit arising under the contract, between parties other than the United States. The case of Butler v. Shafer, 67 Fed. 161, is quite in point upon the question under consideration. Butler was a duly-qualified homestead entry man upon certain land, situated in Umatilla county, Or. At the time Butler made his entry of the land in controversy in that case the defendant Shafer and others were in possession of the land, claiming to have settled thereon June 2, 1890, with the intent to secure title by purchase from the Northern Pacific Railway Company when it should have earned the same by compliance with the terms of the act of congress granting it the said land, and that by reason of such settlement the said defendants claimed the right to purchase said land under the act of congress approved September 29, 1890. The complaint further alleged that said defendants at the time said act took effect were not in the possession of said land under any deed, written contract, or license from said railroad company, and they had not prior to January 1, 1888, settled on said lands with a bona fide intent, or any intent, to secure title, and had not prior to the taking effect of the act of September 29, 1890, settled on said land, or resided thereon, but during all said time, and up to the 30th day of July, 1891, were settlers and residents upon other lands, not contiguous to the land in d' pute, claiming the same under the homestead laws of the United States; that the defendants threatened and intended, by force, to prevent the complainant from entering upon his said homestead claim, and from complying with the terms of the homestead laws, whereby he may acquire title thereto. The complaint also prayed for a decree awarding him the possession of said land, and enjoining the defendants from interfering therewith. Upon the facts stated, Gilbert, Circuit Judge, said:

"If it is true that the defendants are not in privity with the railroad company, by deed, contract, or license, and were not settlers upon the land, but resided elsewhere, the conclusion follows that their possession is without right; but, in arriving at that conclusion, there is not necessarily involved a construction of the language of the act."

And the learned judge held that the case was not one where a federal question existed; citing many cases.

The only case that would seem to be in conflict with the conclusion reached in this case is the case of Jones v. Railroad Co., 41 Fed. 70. The facts in that case were that Jones was a homestead entry man upon certain land in the state of Florida, adjoining the city of Tampa. The defendant company sought to claim the right of way for the operations of its railroad across the land so occupied by Jones. Judge Locke seems not to have taken judicial notice that the railroad company, in attempting to take land for a right of way through the land in question, was acting under an act of congress, but held that the case was one where a federal question was involved, because the denial by the defendant that Jones had any such rights in the land as would be sufficient to justify a negotiation with him for the right of way made it necessary that the court determine that question, and an examination and construction of the United States land laws was necessary for that purpose. I have carefully examined

this decision, and I cannot find that, after the learned judge had taken jurisdiction, he determined any federal question in the disposal of the case. I do not think the case at bar presents a federal question. The motion for a temporary injunction is therefore denied.