# MOUNTAIN VIEW MINING AND MILLING COMPANY *v.* McFADDEN.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 162. Submitted March 5, 1901. — Decided March 25, 1901.

*Blackburn* v. *Portland Gold Mining Company,* 175 U. S. 571, and *Shoshone Mining Company* v. *Rutter,* 177 U. S. 505, affirmed and applied.

Resort cannot be had to judicial knowledge to raise controversies not presented by the pleadings.

THE case is stated in the opinion of the court.

*Mr. W. B. Heyburn* and *Mr. L. A. Doherty* for appellant.

*Mr. A. B. Browne, Mr. Alexander Britton* and *Mr. W. T. Stoll* for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The Mountain View Mining and Milling Company had made application for a patent on a certain lode mining claim in the land office at Spokane, Washington, against which McFadden and others duly filed their protest and adverse claim, and thereupon brought this action " in aid of their said adverse claim, and to determine the right of possession," in the Superior Court of Stevens County, Washington, which was removed on the mining company's petition into the Circuit Court of the United States for the District of Washington, but not on the ground of diverse citizenship. Plaintiffs moved to remand the cause, and the motion was denied.

The petition for removal set up " that the controversy herein is a suit of a civil nature arising under the Constitution and laws of the United States, brought in pursuance of the provisions of section 2326 of the Revised Statutes of the United States, providing for the filing of adverse claims against the application for patent for mining claims, and the bringing of suits in support of said adverse claims."

The petition also set forth that the construction of two acts of Congress was involved, namely, an act approved July 1, 1892, 27 Stat. 62, entitled " An act to provide for the opening of a part of the Colville Reservation, in the State of Washington, and for other purposes," and an act of February 20, 1896, 29 Stat. 9, entitled " An act to extend the mineral land laws of the United States to the lands embraced in the north half of the Colville Indian Reservation." But the jurisdiction of the Circuit Court on removal depended on plaintiffs' statement of their own claim, and that only disclosed an action brought in support of an adverse mining claim.

In *Blackburn* v. *Portland Gold Mining Company*, 175 U. S. 571, and *Shoshone Mining Company* v. *Rutter*, 177 U. S. 505, we held that a suit brought in support of an adverse claim under the Revised Statutes, sections 2325, 2326, was not a suit arising under the laws of the United States in such a sense as to confer jurisdiction on the Federal court regardless of the citizenship of the parties.

, It is conceded by counsel on both sides that those decisions are controlling, unless the Circuit Court was entitled to maintain jurisdiction by taking judicial notice of the fact "that the Mountain View lode claim was located upon what had been or was an Indian reservation," and "of the act of Congress declaring the north half of the reservation, upon which the claim was located, to have been restored to the public domain;" notwithstanding no claim based on these facts was stated in the complaint. But the Circuit Court could not make plaintiffs' case other than they made it by taking judicial notice of facts which they did not choose to rely on in their pleading. The averments brought no controversy in this regard into court, in respect of which resort might be had to judicial knowledge. Thayer, Treatise on Evidence, ch. VII; *Oregon &c. Railway* v. *Skottowe*, 162 U. S. 490.

In *Spokane Falls &c. Railway Company* v. *Ziegler*, 167 U. S. 65, plaintiff alleged in his complaint that he was in possession, as a preëmptor, of a tract of land, and entitled to a patent for the same from the United States; that the defendant company, being a corporation of the Territory of Washington, had seized a strip of his land and appropriated it for railroad purposes without his consent and without having compensated him therefor; but that the entry on and seizure of the land was under and pursuant to the laws of the Territory of Washington authorizing railroad companies to appropriate land for right of way for railroad tracks. As we had judicial knowledge that the authority of the territory to legislate in respect of the right of a territorial railroad corporation to enter upon the public lands of the United States was derived from the act of Congress of March 3, 1875, we held that the plaintiff's complaint disclosed the case of a contest between a settler claiming title under the laws of the United States and a railroad company claiming a right under an act of Congress. The case before us affords no such basis for sustaining the jurisdiction.

In *Powell* v. *Brunswick County*, 150 U. S. 433, 440, we said: "If it appear from the record by clear and necessary intendment that the Federal question must have been directly involved so that the state court could not have given judgment

without deciding it, that will be sufficient; but resort cannot be had to the expedient of importing into the record the legislation of the State as judicially known to its courts, and holding the validity of such legislation to have been drawn in question, and a decision necessarily rendered thereon, in arriving at conclusions upon the matters actually presented and considered." And see *Yazoo & Mississippi Railroad* v. *Adams*, 180 U. S. 41.

The result is that

*The judgment of the Circuit Court of Appeals must be reversed; the judgment of the Circuit Court must be also reversed, and the cause be remanded to that court with a direction to remand it to the state court, the costs of this court and of the other courts to be paid by the Mountain View Mining and Milling Company. So ordered.*