## STATE OF WASHINGTON v. ISLAND LIME CO.

### (Circuit Court, D. Washington, N. D.   August 13, 1902.)

### No. 976.

1. REMOVAL OF CAUSES—FEDERAL QUESTION—PLEADING.

An action by the state to recover possession of a lot of land in section 36, and the value of limestone extracted from a quarry therein, cannot be removed to a federal court on the ground of involving the federal question whether a limestone quarry is excepted as mineral land from the grant by congress to the state of school sections; the complaint merely stating that plaintiff is owner in fee simple of the land, and has a right to possession, and alleging a wrongful ouster by defendant, without setting forth the facts or legal grounds on which plaintiff's claim is based, as the complaint, by itself, unaided by judicial inference and notice, must show that a federal question is involved.

This action was commenced in the superior court of the state of Washington for San Juan county to recover possession of lot 1 in section 36, township 37 N., range 3 W. of the Willamette meridian, and also to recover the value of a quantity of limestone extracted from a quarry found in said land. The defendant removed the case into this court, and in its petition alleged as ground for removal that said action is of a civil nature, and arises under the constitution and laws of the United States. Heard on a motion to remand. Motion granted.

W. B. Stratton, Atty. Gen., for plaintiff.

Byers & Byers and Burke, Shepard & McGilvra, for defendant.

HANFORD, District Judge. At the time of hearing arguments upon the motion to remand this case to the state court in which it was commenced, the defendant asked for leave to file an amended petition for removal, and the court reserved its decision for the purpose of allowing time sufficient for the defendant to prepare and submit the proposed amendment, which has been done; and now, having considered the new petition and the written argument by defendant's counsel, it is the opinion of the court that the objection to the jurisdiction of this court has not been, and cannot be, overcome, and that leave to file the new petition should be denied, and the motion to remand granted. I am constrained to so decide by the decision of the supreme court in the case of Milling Co. v. McFadden, 180 U. S. 533, 536, 21 Sup. Ct. 488, 45 L. Ed. 656, and the previous decisions of the supreme court which are reaffirmed in that case. I am fully satisfied that in fact this case does necessarily involve a disputed federal question, viz., whether a limestone quarry is excepted, as "mineral" land, from the grant made by congress to this state of sections 16 and 36 of the public lands within the state, for the support of the public schools. This question will have to be decided, and the plaintiff will win or lose the case by the decision

¶ 1. Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

thereof; but it does not appear, by the plaintiff's statement in its pleading, that said question constitutes the real subject-matter of the controversy. The court knows that it is so, because it has knowledge of the provisions of the public statutes and the history of the organization of this state; and, aided by that knowledge, it is able to draw certain inferences from the record, which inferences are confirmed as facts by the defendant's allegations. The defendant is right in its contention that the grant to the state of the lands commonly referred to as "school sections" is contained in a public law, of which the court must take judicial notice, and that the court also has judicial knowledge of the provisions for acquiring title to stone quarries found in the public lands of the United States, contained in the laws enacted by congress; but the difficulty in the way of taking cognizance of the case lies in the fact that the plaintiff has not in its pleading claimed title to the land which is the subject of controversy herein by virtue of said grant, and the court is not at liberty to assume that the controversy is hinged upon the question above stated, nor to make a finding of facts entitling the defendant to remove the case from the state court into this court, based upon any allegations or evidence made or produced by the defendant. The complaint does allege that the plaintiff is the owner of the land, that it has a fee simple title and a right to the immediate possession, and alleges a wrongful ouster by the defendant. It (the complaint) does not set forth the facts or legal grounds upon which the plaintiff's claim of title is based, but the rules of pleading do not require that it should do so. 7 Enc. Pl. & Prac. 332, 333. Therefore the complaint is not obnoxious to a demurrer, and a judgment in favor of the plaintiff, if properly entered, for want of an answer, would be sustained by the court having appellate jurisdiction if the case should be brought before it by writ of error, and the appellate court would not be required to decide or consider any question of federal law. This being so, the plaintiff cannot be justly charged with the commission of a fraud in concealing the real controversy by an insufficient statement of the facts constituting its cause of action, and the court is not authorized to grasp jurisdiction of the case upon the ground that by refusing to do so the plaintiff would be permitted to accomplish by unfair practices the deprivation of the defendant's legal right to remove the case into this court.

The foregoing is not the reasoning of my own mind, nor in line with previous decisions of this court, but accords with what I now understand to be the law as it has been declared by the highest authority. The decisions of this court and of the circuit court of appeals for the Ninth circuit in the case of McFadden v. Milling Co. (C. C.) 87 Fed. 154, and Id., 38 C. C. A. 354, 97 Fed. 671, were reversed, on the question of jurisdiction, by the supreme court (180 U. S. 533, 21 Sup. Ct. 488, 45 L. Ed. 656); and the decision of this court in the case of Wood v. Drake, 70 Fed. 881, was in effect overruled by the supreme court in the case of Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76. The case of Railway Co. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728, 42 L. Ed. 79, was an action to recover compensation for a right of way through unpatented public lands of

the United States, to which Ziegler, the plaintiff in the case, claimed the rights of an owner under the pre-emption law; the railway company having appropriated the right of way without the plaintiff's consent. The supreme court decided that this court rightfully exercised jurisdiction in that case, although the complaint failed to allege that there was any disputed question of federal law to be decided, or that the case involved any controversy based upon conflicting claims under the laws of the United States. The opinion of the court placed the decision upon the ground that the complaint was aided by the court's judicial knowledge of the act of congress granting rights of way to railway corporations, and by presuming that the defendant would claim the right of way by virtue of the said act of congress, and the complaint, being thus aided by judicial knowledge and presumptions, "did disclose a cause of action arising under the laws of the United States, and cognizable by the circuit court." That decision of the supreme court, therefore, seems to support the defendant's contention in this case, for I am not able to distinguish this case in any such way as to avoid the principle of that decision, viz., that the court should take into account the public statutes of which it has judicial knowledge, and that the case disclosed by a plaintiff's statement is what it appears to be when viewed in the light of the court's judicial knowledge. But on the other hand, I am not able to distinguish this case from the later case of Milling Co. v. McFadden. The opinion in that case plainly says that the circuit court must not make a plaintiff's case other than he has made it, by taking judicial notice of facts which he did not choose to rely on in his pleading, and that the right to remove a case commenced in a state court to a United States circuit court must be tested by the rule that a case is not cognizable in a United States circuit court unless it appears by the complaint that a federal question is "directly involved, so that the state court could not have given judgment without deciding it. * * *" I have already shown that by application of that test this case is excluded from the cognizance of this court.

Case remanded.