EARNHART v. SWITZLER.†

(Circuit Court of Appeals, Ninth Circuit. August 1, 1910.)

No. 1,801.

1. COURTS (§ 299*)—FEDERAL COURTS—FEDERAL QUESTION.

Federal jurisdiction is not conferred on the ground that the case arises under the Constitution and laws of the United States, when it does not really and substantially involve a controversy as to the effect or construction of the Constitution or some law or treaty of the United States, on the determination of which the result depends, and which appears from the plaintiff's statement of his own claim unaided by allegations as to defenses which may be interposed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

2. COURTS (§§ 282, 285*)—FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.

Since the only statute recognizing the right of an entryman to settle on unsurveyed lands of the United States is Act May 14, 1880, c. 89, 21 Stat. 140 (U. S. Comp. St. 1901, p. 1392), providing that a homestead settler on public land surveyed or unsurveyed shall be allowed the same time to file his application and perfect his original entry as is allowed to settlers under the pre-emption laws, a suit by a homestead settler on unsurveyed public land to protect his possessory right as against an adverse claimant does not involve a construction of the Constitution and laws of the United States so as to sustain federal jurisdiction on that ground.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820, 827, 828; Dec. Dig. §§ 282, 285.*]

Appeal from the Circuit Court of the United States for the District of Oregon.

Action by John B. Switzler against F. E. Earnhart. Judgment for complainant, and defendant appeals. Reversed and remanded, with directions.

Douglas W. Bailey, for appellant.

R. J. Slater and James A. Fee, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HANFORD, District Judge.

GILBERT, Circuit Judge. The appellant brings this appeal from a decree rendered against him in a suit which was brought by the appellee to protect a possessory right to an island in the Columbia river. The bill alleged that the land is unsurveyed public land of the United States, that the appellee had settled thereon with the intention to acquire the same under the homestead laws of the United States as soon as the same should be surveyed, and it sets up the facts which showed the invasion of his right by the appellant.

The appellant raises in this court, for the first time, the question of the jurisdiction of the Circuit Court to entertain the bill. There is no averment of diversity of citizenship of the parties; but the appellee contends that there was jurisdiction by reason of the federal question involved. In Devine v. Los Angeles, 202 U. S. 313, 26 Sup. Ct. 652, 50 L. Ed. 1046, the Supreme Court reaffirmed the rule of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied August, 1910.

numerous of its previous decisions that a cause can only be maintained in the Circuit Court of the United States on the ground that it arises under the Constitution and laws of the United States, when it does really and substantially involve a controversy as to the effect or construction of the Constitution or some law or treaty of the United States, upon the determination of which the result depends, and that this must appear from the plaintiff's statement of his own claim, and cannot be aided by allegations as to defenses which may be interposed. It is not shown, nor can it be, that any such constitutional or statutory question is involved in the present case. There is no allegation in the bill that any such question is presented, or that the appellee's rights depend upon the answer thereto. It is true that the right of settlers upon unsurveyed public lands as against all except the United States is recognized by the courts, and that such a settlement, while it confers no right as against the government, is a valid settlement and possession thereunder may be protected. In Buxton v. Traver, 130 U. S. 232, 9 Sup. Ct. 509, 32 L. Ed. 920, the court said:

"A settlement upon the public lands in advance of the public surveys is allowed to parties who, in good faith, intend, when the surveys are made and returned to the local land office, to apply for their purchase."

And in Clements v. Warner, 24 How. 394, 16 L. Ed. 695, the court said:

"The law deals tenderly with one who, in good faith, goes upon the public land with a view of making a home thereon."

The only statute which, in express terms, recognizes the right of an intending homestead claimant to settle upon unsurveyed public land is Act May 14, 1880, c. 89, 21 Stat. 140 (U. S. Comp. St. 1901, p. 1392), which provides that a homestead settler on public land, whether surveyed or unsurveyed, shall be allowed the same time to file his homestead application and perfect his original entry "as is now allowed to settlers under the pre-emption laws," and that his right shall relate back to the date of settlement.

The mere fact that the appellee settled on the land in controversy with the permission of the United States does not raise a federal question. No clause or provision of that statute is presented for construction, nor in dealing with the issues involved is the court called upon to apply or construe any provision of the federal Constitution or statutes. The case is unlike McCune v. Essig, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237, and Spokane Falls, etc., Ry. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728, 42 L. Ed. 79, cited and relied upon by the appellee. In the first of those cases, decision turned upon the construction of that portion of the homestead act which authorizes the issuance of a patent to the widow of a deceased homestead settler. In the second case, the plaintiff's complaint disclosed the case of a contest between a settler claiming title under the pre-emption law of the United States, and a railroad company claiming a right under an act of Congress, and the court was required to construe the pre-emption act and define the rights of a settler thereunder. The case at bar is similar to Butler v. Shafer et al. (C. C.) 67 Fed. 161; King v. Lawson (C. C.) 84 Fed. 209; California Oil & Gas Co.

179 F.—53

v. Miller (C. C.) 96 Fed. 12; State of Washington v. Island Lime Co. (C. C.) 117 Fed. 777; Bushnell v. Smelting Co., 148 U. S. 682, 13 Sup. Ct. 771, 37 L. Ed. 610; Budzisz v. Steel Co., 170 U. S. 41, 18 Sup. Ct. 503, 42 L. Ed. 941; Shoshone Mining Co. v. Rutter, 177 U. S. 505, 20 Sup. Ct. 726, 44 L. Ed. 864; Mountain View Min. & Mill. Co. v. McFadden, 180 U. S. 533, 21 Sup. Ct. 488, 45 L. Ed. 656.

It follows that the court below had no jurisdiction of the cause, and that the decree must be reversed, and the cause remanded, with instructions to dismiss the bill.