HARE v. BIRKENFIELD.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1910.)

No. 1,834.

1. APPEAL AND ERROR (§ 185*)—FEDERAL JURISDICTION—QUESTION OF JURISDICTION—REVIEW.

The Circuit Court of Appeals of its own motion will inquire whether the trial court had jurisdiction of the controversy, and will not determine the appeal if federal jurisdiction is not shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1169; Dec. Dig. § 185.*]

2. COURTS (§ 299*)—FEDERAL COURTS — JURISDICTION — CONTROVERSY UNDER CONSTITUTION AND LAWS OF THE UNITED STATES.

Federal jurisdiction on the ground that the cause arises under the Constitution and laws of the United States obtains only when the cause really and substantially involves a controversy as to the effect or construction of the Constitution or some law or treaty of the United States, on the determination of which the result depends, appearing from plaintiff's statement of his own claim unaided by defensive allegations interposed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*

Jurisdiction in cases involving federal question, see note to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.]

3. COURTS (§ 285*)—FEDERAL COURTS — JURISDICTION — CONTROVERSY UNDER FEDERAL LAWS.

Plaintiff sued to restrain an alleged continuing trespass on his homestead entry, alleging that he had a subsisting uncanceled homestead entry on the land in controversy, and that proceedings had progressed so far as to entitle him to a patent; also, that defendant had taken possession of the land. The bill did not allege that defendant's possession had been taken under any claim of right, and defendant in his answer did not assert any claim of right under any provision of the land laws of the United States or under any grant or deed, only claiming that proceedings were pending to cancel complainant's title, and that defendant was in possession to make a homestead entry on the land in case plaintiff's entry was finally canceled. The bill further alleged that, though complainant's entry be canceled, his improvements and relinquishment were vendible and worth $4,500. *Held* that, since a homestead settler's right to transfer his possession and sell his improvements depended on no statute, the complaint did not show a case of federal jurisdiction depending on the Constitution, laws, or treaties of the United States.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 285.*]

Appeal from the Circuit Court of the United States for the District of Oregon.

Bill by Chester V. Hare against August Birkenfield. Decree for defendant, and complainant appeals. Affirmed.

The appellant was the complainant in a bill in equity in which he alleged that on July 21, 1902, he had made a homestead entry on certain public land of the United States, and that on February 21, 1903, he had submitted a commutation proof thereon at the proper United States district land office, which proof was duly accepted, and that he is now entitled to a patent therefor from the United States; that on October 15, 1909, while he owned and was seised in fee of the land embraced within his homestead entry, the appellee, without right or title, unlawfully and forcibly entered into and upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same, and ousted and ejected the appellant therefrom, and still withholds the possession thereof, and that the appellee's occupation is a continuing trespass; that he has cut and threatens indefinitely to cut, burn, and destroy timber on said land, which timber is of the value of $10,000; that he has mutilated, and threatens to mutilate and injure, the buildings and other improvements on said land. The bill further alleged that the appellant has made improvements of considerable value on said land; that he is in danger of losing his title thereto by having his homestead entry canceled by the action of the Secretary of the Interior on the ground that he had not resided on said land sufficient to show that he intended to make the same his permanent home; that, if such order of cancellation shall be made, he will, notwithstanding, be able to sell his improvements on said land, and the possession thereof for the sum of $4,500, provided that the appellee shall be removed therefrom; that, under the public land laws of the United States and the regulations of the Interior Department, the right of a homestead entryman who has not been guilty of any fraud to sell his relinquishment and improvements is recognized and protected, and that, under such laws and regulations, any person who settles upon lands covered by the homestead entry of another is a trespasser up until the time when the previous entry is canceled of record in the local land office; that the appellant is without plain, adequate, or complete remedy at law, and the appellee is insolvent, and could not be made to respond in damages for the injuries complained of. The bill prayed for a preliminary injunction restraining the appellee from residing on the land or cutting any timber therefrom, or mutilating the buildings thereon, or withholding the possession, and that upon final hearing such injunction be made permanent, and for the recovery of damages. The appellee answered, admitting his possession, and alleging that he occupies the land as a bona fide settler. He denied the alleged acts and threatened acts of injury to the property, and alleged that on August 3, 1909, the register and receiver of the land office for the district in which the homestead entry is located, upon the evidence adduced, rendered a decision recommending that the homestead entry of the appellant be canceled and set aside on the ground that the appellant had not resided upon the land sufficient to show an intention to make the same his permanent home, and had not complied with the laws of the United States in that regard, and that since February 21, 1903, the appellant has never occupied said land or been in possession thereof, or lived thereon, but has wholly deserted the same, and the answer further alleged that the appellee's sole purpose in taking and holding possession of the property is to enter the same as a homestead whenever the appellant's homestead entry shall be canceled. The court below denied the application for a preliminary injunction, and dismissed the bill for want of equity.

A. W. Lafferty and Arthur I. Moulton, for appellant.
Moulton & Scobey and W. H. Fowler, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The court is compelled of its own motion to inquire whether the court below had jurisdiction of the controversy. No diversity of citizenship is alleged, and jurisdiction was assumed evidently upon the ground that a federal question is involved. A cause may only be maintained in the Circuit Court of the United States on the ground that it arises under the Constitution and laws of the United States when it does really and substantially involve a controversy as to the effect or construction of the Constitution or some law or treaty of the United States, upon the determination of which the result depends, and this must appear from the plaintiff's statement of his own claim, and cannot be aided by allegations as to defenses which may be interposed. Devine v. Los Angeles, 202 U. S. 313, 26 Sup. Ct. 652, 50 L. Ed. 1046.

What law of the United States, one construction of which would sustain and the other would defeat recovery, is involved in the present case? Clearly no question of the construction of any provision of the homestead laws is presented. The bill alleges, and the answer does not deny, that the appellant has a subsisting, uncanceled homestead entry upon the land in controversy, and that proceedings have progressed so far as to entitle him to a patent. The bill alleges, and it is not denied, that the appellee has taken possession of the land in controversy. The bill does not allege that such possession has been taken under any claim of right, nor does the appellee in his answer assert any claim of right under any provision of the land laws of the United States, or under any grant or deed. In brief, the situation presented by the pleadings is this: The appellant has acquired the equitable title to his homestead, and, although proceedings have been instituted to set aside and cancel his entry, it has not yet been canceled. During his absence the appellee jumped the claim, and now holds possession in the expectation that the entry will be canceled, whereupon the appellee will exercise his right to make entry of the land under the homestead law. Under the admitted facts, the appellant is undoubtedly entitled to the possession of the land. It does not follow, however, that he has a right of action in a federal court. His allegation that, if possession were restored to him, he would, on the cancellation of his homestead rights, be in a position to sell out his improvements to another, does not present a federal question. The right of such a settler to transfer his possession and sell his improvements depends on no statute, and it cannot be seen that in dealing with any phase of the controversy which is here presented the court will be called upon to construe or apply any law of the United States. Butler v. Shafer et al. (C. C.) 67 Fed. 161; King v. Lawson (C. C.) 84 Fed. 209; California Oil & Gas Co. v. Miller (C. C.) 96 Fed. 12; State of Washington v. Island Lime Co. (C. C.) 117 Fed. 777; Bushnell v. Smelting Co., 148 U. S. 682, 13 Sup. Ct. 771, 37 L. Ed. 610; Budzisz v. Steel Co., 170 U. S. 41, 18 Sup. Ct. 503, 42 L. Ed. 941; Shoshone Mining Co. v. Rutter, 177 U. S. 505, 20 Sup. Ct. 726, 44 L. Ed. 864; Mountain View Min. & Mill. Co. v. McFadden, 180 U. S. 533, 21 Sup. Ct. 488, 45 L. Ed. 656. The case is unlike Jones v. Florida C. & P. R. Co. (C. C.) 41 Fed. 70, McCune v. Essig, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237, and Spokane Falls, etc., Ry. Co. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728, 42 L. Ed. 79. Decision in the first two of those cases depended directly upon the construction of the terms of the homestead act, and, in the third, upon the construction of the pre-emption act.

The decree dismissing the bill is affirmed on the ground of lack of jurisdiction.