**E. W. BOWMAN, INC., a corporation, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, a corporation, and Kirby Transfer and Storage Corporation Incorporated, a corporation, Defendants.**

**Civ. A. No. 75–757.**

United States District Court,
W. D. Pennsylvania.

Nov. 18, 1975.

Milton D. Margolis, Uniontown, Pa., for plaintiff.

G. Daniel Carney, Thorp, Reed & Armstrong, Pittsburgh, Pa., for Norfolk & Western.

William A. Gray, Wick, Vuono & Lavelle, Pittsburgh, Pa., for Kirby Transfer.

## MEMORANDUM OPINION

WEBER, District Judge.

The plaintiff has moved to remand this action to the state court from which it was removed. The complaint filed in the state court alleged that plaintiff had shipped goods in interstate commerce by delivery being made to defendant Kirby for transshipment via Norfolk and Western Railway Company. The plaintiff alleged that the goods were never delivered to the described point of destination.

Plaintiff sued in assumpsit in the state court based on the bill of lading. Defendant removed the action to this court under 28 U.S.C. § 1441 alleging that diversity jurisdiction applied under 28 U.S.C. § 1332. In fact there is not complete diversity between the parties and § 1332 does not apply. The defendant's removal petition also recited that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11) controlled this cause of action.

Plaintiff contends that this removal was improper because plaintiff relied on state law rather than federal law in drafting its complaint and set forth a cause of action in assumpsit cognizable under state law. Nowhere in its complaint does plaintiff make a specific recital of any federal law on which the action is grounded except for a statement of having given timely notice to the defendants as required by the Interstate Commerce Act.

■ Plaintiff has sued on a cause of action arising from a bill of lading for an interstate shipment. Regardless of the form of complaint it is apparent that where Congress intends to preempt a field of law the mere fact that such a cause of action could formerly have been brought in a state court under state or common law is meaningless. In sustaining a district court's refusal to remand in *Allen v. New York, P. & N. R. Co.*, 15 F.2d 532, 533 [4th Cir. 1926], the court stated that,

"[S]hippers must recover, if at all, upon the rights given them by certain acts of Congress and the proceedings of the Interstate Commerce Commission authorized thereby. It does not help the shippers that, had there been no such acts or proceedings, they could at common law have recovered from a common carrier."

■■ To justify a removal on the ground that there is present a federal question, such a question must appear in plaintiff's complaint by direct and positive allegations or by necessary implication from the matters alleged unaided by anything alleged in anticipation of defenses. Facts must be alleged in the complaint sufficient to inform the court that the action arises under the Constitution, laws or treaties of the United States. The complaint need not formally recite such law because the court will look to the substance of the pleading as well as to its form. A plaintiff's framing a complaint in terms of state law will not prevent a court from taking judicial notice of appropriate federal law if sufficient factual allegations are pleaded. See *Mountain View Mining & Milling Co. v. McFadden*, 180 U.S. 533, 21 S.Ct. 488, 45 L.Ed. 656 [1901].

The supremacy clause dictates that federal law must govern. In the *Minnesota Rate Cases*, 230 U.S. 352, 33 S.Ct. 729, 57 L.Ed. 1511 [1913], the Court stated that until Congress legislated on the matter, liability for loss of property, on interstate as well as intrastate shipments, was subject to state regulation. Such Congressional action was made in the form of the Carmack Amendment to the Interstate Commerce Act [1906], 49 U.S.C. § 20(11). In *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 [1913], the Court stated that, in passing the Carmack Amendment, Congress had legislated directly upon the carrier's liability for loss of and damage to interstate shipments,

and this and other federal legislation on the subject of interstate commerce is supreme and exclusive, and supersedes all state laws. See also *Southern Pacing Company v. Stewart*, 245 U.S. 359, 38 S.Ct. 130, 62 L.Ed. 345 [1917]; *Crump et al. v. Thompson*, 171 F.2d 442 [8th Cir. 1948].

In *American Synthetic Rubber Corporation v. Louisville & N. R. Co.*, 422 F.2d 462 [6th Cir. 1970] the court in a similar factual situation to the present case held that when damages are sought against a common carrier for failure to perform properly or for negligent performance of an interstate contract of carriage, the federal statute relating to the railroad's issuance of a bill of lading and its liability to the lawful holder thereof for loss caused by it or any common carrier governs; 49 U.S.C.A. § 20(11). The court further stated that the case was properly removed from state to federal court under the jurisdiction granted in 28 U.S.C. § 1337 covering any Act of Congress regulating commerce. In that case the cause of action arose out of the misdelivery of a shipment of chemicals by the carrier railroad, and the subsequent mixing of that shipment's contents with other chemicals by the consignee in their plant facilities. In the present case the claim of liability is predicated on non-delivery.

■ Plaintiff argues that removal was improper because there is no federal question asserted on the face of the complaint, *LaChemise Lacoste v. Alligator Co.*, 506 F.2d 339 [3rd Cir. 1974]. Plaintiff argues that it relies solely on state and common law. However, plaintiff's cause of action is an action *ex contractu*. As previously noted such suit is governed exclusively by federal law. It is possible that if plaintiff had drafted a complaint in such a manner as to assert an action solely in trespass pursuant to Pa.R. of Civ.P. 1020 [12 P.S., Rules of Civil Procedure] then there would be a sufficient basis for requiring the suit to be tried in state court unless another ground of federal jurisdiciton was presented. However plaintiff's complaint was captioned "ACTION IN ASSUMPSIT" thereby negating the possibility of the action being based on tort under the prevailing Pennsylvania practice. Were a tort action to be pleaded, 49 U.S.C. § 20(11) would not require the application of federal law, the statute providing ". . . nothing in this action shall deprive any holder of such receipt of bill of lading of any remedy or right of action which he has under the existing law."

The court in *Litvak Meat Company v. Baker*, 446 F.2d 329, 337 [10th Cir. 1971] stated that:

". . . [T]he existence of a contractual remedy at common law does not prevent the shipper from bringing an action based solely on negligence. To be sure, in such an action, a greater burden is imposed on the plaintiff, for he must prove more than the fact of damage to the goods in shipment by the defendant; he must also prove that negligence of the defendant was the proximate cause of the damage claimed. To say that such a remedy exists is not to say that it is often utilized by a bailor-shipper against a bailee-common carrier. The relative ease of proving a case in contract, either at common law or under the Carmack Amendment, militates against its use, and is, to be sure, the more practical, availible remedy. But here we are not dealing with practicability of a remedy in negligence or the advisability of using it. Our inquiry is limited to a determination that such a remedy exists, apart from the contractual remedy offered by the Carmack Amendment.

We are persuaded, therefore, that while the Carmack Amendment preempted state law and made the 'liability of a carrier for damage to an interstate shipment . . . a matter of federal law controlled by federal statutes and decisions,' in actions based exclusively on the holder of a

receipt or a bill of lading issued by a common carrier, *qua* holder, *Missouri Pacific RR Co. v. Elmore and Stahl* [377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed. 2d 194 (1964)], it did not oust all other remedial rights of shippers."

It may be noted in *Litvak,* supra, that while the federal venue provisions were lacking for trial in the district court the matter was properly there under diversity jurisdiction with service of process upon the defendant being secured under the applicable state long-arm statute.

We accordingly find that this action was properly removed and the motion to remand will be denied.

### ORDER

And now this 18th day of November, 1975, in accordance with the court's opinion of this date the motion of plaintiff to remand this action to a state court is denied.