## BUDZISZ *v.* ILLINOIS STEEL COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF WISCONSIN.

No. 560. Submitted February 21, 1898. — Decided April 11, 1898.

No question is presented which brings this case within the supervisory power of this court, as the alleged invalidities of the entries and of the patents do not arise out of any alleged misconstruction or breach of any treaty, but out of the alleged misconduct of the officers of the Land Office; to correct which errors, if they exist, the proper course of the defendants was to have gone to the Circuit Court of Appeals.

THIS was an action of ejectment brought in the Circuit Court of the United States for the Eastern District of Wisconsin, in February, 1896, by the Illinois Steel Company, a corporation of the State of Illinois, against John Budzisz and August Budzisz, citizens of the State of Wisconsin, to recover certain lots or parcels of land in the fifth ward of the city of Milwaukee. The case was so proceeded in that, on November 20, 1897, a final judgment was entered in favor of the plaintiff for possession of the premises, and for costs. A writ of error was then sued out from this court, which the defendant in error moved to dismiss.

*Mr. William E. Carter* and *Mr. Elbert H. Gary* for the motion.

*Mr. Rublee A. Cole* opposing.

MR. JUSTICE SHIRAS delivered the opinion of the court.

This cause is now before us on a motion to dismiss the writ of error, on the ground that there is not involved any question that brings the case within any of those provisions of the act of March 3, 1891, establishing Circuit Courts of Appeals, which give this court jurisdiction to review the judgment of the Circuit Court. Neither the petition, containing, as it did, only the allegations usual in an action of ejectment, nor the answer, first filed, raised any question which, however disposed of in the Circuit Court, would have enabled either party to have brought the case directly to this court.

Subsequently, however, the defendants filed an amended answer, in which they averred that the title to the land in dispute was still in the United States; that the Indian title to said land had not been extinguished at the time of the inception of plaintiff's title; that any patent or purported patent granted by the United States while the Indian title was still existing was null and void. After, on motion of the plaintiff, certain portions of these answers had been stricken out, the defendants filed a second amended answer, the main allegations of which were as follows:

That the Indian title to the lands in dispute had not been extinguished when Increase Claflin and Daniel Darnell made their entry; that the Indian title was conveyed to the United States under and by virtue of several treaties with the Menominee Indians, to wit: The treaty of February 8, 1831; of February 17, 1831; of October 27, 1832; of October 18, 1848; that by reason of the aforesaid treaties the lands were not subject to entry under the laws of the United States, and that therefore the entry of Claflin and Darnell was null and void; that said lands were first offered for sale by the proclamation of the President on May 6, 1835; that the patent of the United

States dated September 1, 1838, to Alexander J. Irwin, assignee of Increase Claflin and Daniel Darnell, was and is null and void; that the patent of the United States dated April 16, 1838, to Albert G. Ellis, assignee of Daniel Darnell, was and is null and void, and in no way extinguished the title of the Government of the United States to the lands in dispute.

On July 30, 1897, the court, on motion of the plaintiff, struck out those portions of the amended answers which have just been enumerated; and on August 3, 1897, the defendants filed exceptions to the orders of the court striking out those portions of the answers, which exceptions were allowed and signed by the judge.

With the record in that condition the case came on for trial, and resulted in a verdict and judgment in favor of the plaintiff.

The record shows no exceptions taken or allowed during the course of the trial, either to the admission or rejection of evidence, or to the charge of the judge. The only bill of exceptions to be found in the record is the one allowed and signed by the judge relating to striking out portions of the answers.

The course most favorable to the plaintiffs in error will be to treat the orders of the court striking out portions of the answers as if they were rejections of offers made at the trial, to prove the allegations contained in the portions stricken out.

The reasons given by the court for striking out those portions of the answers were that a patent of the United States is the highest evidence of title, where the grant originates out of the public domain; that the defendants were mistaken in the inference that the ownership of these lands was at any time, in view of the law, vested in the Indians, or derived through the treaties referred to; that there is no recognition by any of the authorities of a fee vested in the Indians; that as to the land in Wisconsin, the treaty with Great Britain and the cessions of Massachusetts and Virginia are the legal sources of title in the general government; that the treaties with the Indians are regarded only for rights of occupancy and for reservations from sale; that therefore the doctrine is established that the patent issued by the government is "an

invaluable muniment of title and a source of peace and quiet to its possessor;" that even if it be allowed, for the purposes of the motion, that there was no right of entry at the time of original entry alleged, the answer concedes that these lands were offered for sale by the President's proclamation of May 6, 1835, upon the survey of 1834, and that the patents were issued, respectively, April 16 and September 1, 1838; that it is not asserted that their validity has ever been since questioned, either by the United States, or by any person in its right, under equities preëxisting or otherwise; that these lands became patentable after the survey and proclamation, and were clearly within the jurisdiction of the land department when the patents were issued in 1838; that all questions as to entry and right to patent were then determinable by that tribunal, and the patents were not void, even if they were voidable at the instance of proper parties; that the special matters alleged in the answers and included in the motion to strike out state no grounds which are available to these defendants by way of defence; that under the act of Congress of March 3, 1891, c. 559, 26 Stat. 1093, any action by the United States is now barred, and that even if the defendants were possessed of paramount equities, or were in any manner entitled to avail themselves of rights existing in the United States, they are equally barred by that limitation. *Illinois Steel Co.* v. *Budzisz*, 82 Fed. Rep. 160.

The correctness of these views is not before us on this motion to dismiss for want of jurisdiction, and we only state them to show that no question is really presented which brings this case within our supervisory power. It is not claimed that the construction or application of the Constitution was involved, and we think it is quite clear that, in fact, neither the construction nor the validity of any treaty of the United States or made under its authority is in any way involved, or arises, or is drawn in question in this case. Mere allegations to that effect, not based upon the facts of the case, do not create a case which we are authorized to review. The alleged invalidity of the entries and of the patents did not arise out of any alleged misconstruction or breach of any treaty,

but out of the alleged misconduct of the officers of the Land Office in permitting the entries and in issuing the patents; and if any error was committed by the Circuit Court in dealing with that question, which we do not intimate, the proper course for the defendants was to have gone to the Circuit Court of Appeals.

Moreover, the defendants did not connect themselves in any way with the Indian treaties, or with any of the parties to them; nor did they claim any rights under said treaties, or under any of the parties to them. In no true sense, therefore, can it be said that this is a case in which the validity or construction of any treaty made under the authority of the United States is drawn in question by a party having a rightful interest in such question.

The motion of the defendant in error must be allowed, and the writ of error is, accordingly,

*Dismissed.*