SEATTLE, R. & S. RY. CO. v. CITY OF SEATTLE et al.

(Circuit Court, W. D. Washington, N. D. May 13, 1911.)

No. 1,932.

1. EVIDENCE (§§ 31, 32*)—JUDICIAL NOTICE—CITY CHARTER—PLEADING.

Pierce's Code Wash. § 408, provides that in pleading any ordinance of a city or town it shall be sufficient to state the title of such ordinance and the date of its passage, whereupon the court shall take judicial notice of the existence of such ordinance and the tenor and effect thereof. *Held* that, in a suit to restrain a city and its officers from repealing a certain railway franchise ordinance, the court will take judicial notice of the charter of the city and of the franchise ordinances, though pleaded by their titles only.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 40–42; Dec. Dig. §§ 31, 32.*]

2. CONSTITUTIONAL LAW (§ 120*) — OBLIGATION OF CONTRACT — REPEAL OF STATUTORY GRANT.

Where an absolute right of repeal of a statutory grant is reserved by the granting authority, the exercise of such right is not a violation of the federal Constitution restraining states from passing any act impairing the obligation of a contract.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 120.*]

3. COURTS (§ 282*)—FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION—OBLIGATION OF CONTRACT—IMPAIRMENT.

Where ordinances granting a city railway franchise reserved a conditional right of repeal in case the franchise was not operated in accordance with the provisions of the ordinances, a determination of the city council of the question of fact that the grantee had violated the ordinances, and that they should be repealed, was not conclusive, and hence a suit to restrain the city and its officers from repealing the franchise ordinances, and from enforcing such repealing ordinance on the ground that it constituted an impairment of complainant's contract rights in violation of the federal Constitution, involved a federal question and was therefore within the jurisdiction of a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–824; Dec. Dig. § 282.*

Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purch Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7; Earnhart v. Switzler, 105 C. C. A. 262.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CONSTITUTIONAL LAW (§ 120*)—OBLIGATION OF CONTRACT—IMPAIRMENT—APPLICATION.

The prohibition of the federal Constitution against laws impairing the obligation of a contract applies to all contracts, whether executed or executory, whoever may be parties thereto.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 279–285; Dec. Dig. § 120.*]

In Equity. Bill by the Seattle, Renton & Southern Railway Company against the City of Seattle, its Mayor, City Comptroller, and Members of its City Council. On demurrer to bill. Overruled.

Morris B. Sachs and Will H. Thompson, for complainant.
Scott Calhoun and Howard D. Hughes, for defendants.

DONWORTH, District Judge. The defendants have demurred to the bill on a number of grounds; but the only point urged in argument is that the court is without jurisdiction because both complainant and the defendant city are corporations of the state of Washington, and the individual defendants are citizens of the same state, and the suit does not arise, it is contended, under the Constitution or any law of the United States. The bill alleges (treating the supplemental bill as a part of the bill) that complainant is the owner of a line of street railway in Seattle, maintained and operated by virtue of two franchise ordinances duly enacted by the city, namely, ordinance No. 15,919, passed April 22, 1907, and ordinance No. 20,088, passed January 18, 1909; that these ordinances were duly accepted by complainant or its predecessors in interest and constitute contracts between the city and complainant; that the city council early in December, 1910, passed two resolutions declaring its intention to repeal these ordinances and directing the service of written notice upon complainant to appear before the city council on December 19, 1910, to show cause, if any it had, against such repeal; that at the time fixed complainant appeared and objected to the proposed action, but, nevertheless, the mayor and city council after receiving, over the objection of complainant, certain evidence claimed by the city to be due ground for the repeal, passed two ordinances, numbered respectively 25,962 and 25,963, repealing the two franchise ordinances first mentioned; that complainant and its predecessors had duly complied with all the terms and conditions of these franchise ordinances; and that no cause for the repeal existed. It is further averred that the two repealing ordinances are laws impairing the obligation of the contracts created by the franchise ordinances, and, if permitted to stand as valid ordinances, will deprive complainant of its property in the franchise ordinances and the street railway without due process of law. There are other allegations to the effect that the action of the city in enacting and enforcing the repealing ordinances will result in irreparable injury to the complainant.

The allegations of the bill, with respect to the point now under consideration—that is, as showing that the suit arises under the Constitution of the United States—are not as clear and direct as might

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be desired; but it sufficiently appears that complainant contends that the repealing ordinances are in violation of the contract and due-process clauses of the Constitution of the United States and has invoked the jurisdiction of this court on that ground.

[1] It is urged, however, by defendants' counsel that for aught that appears in the bill the entire controversy may be determined upon a pure issue of fact without reference to any provision of the Constitution of the United States. In this connection it should be stated that this court takes judicial notice of the charter of the city of Seattle (Pierce's Code, § 3731), and also takes judicial notice of the tenor and effect of the franchise ordinances, though they are pleaded in the bill by their titles only (Pierce's Code, § 408). During the period embracing the passage of these several ordinances, the charter of Seattle has contained the following clause:

"Every grant of a franchise, right or privilege shall be subject to the right of the city council at any time thereafter to repeal, change or modify the said grant if the franchise granted thereby is not operated in accordance with the provisions thereof, or at all, and every ordinance making such grant shall contain a reservation of the right of the city council to so repeal, amend or modify said ordinance."

Pursuant to this charter provision, each of the franchise ordinances contains a section stating that:

"This grant is subject to the right of the city council to at any time hereafter repeal, change or modify this ordinance if the franchise granted hereby is not operated in accordance with the provisions of this ordinance, or at all, and the city of Seattle reserves the right at any time hereafter to so repeal, change or modify this grant."

The argument of defendants' counsel is that since the franchise ordinances themselves provide that they may be repealed on the happening of a certain event, the occurrence or nonoccurrence of the possible event is purely a question of fact, the decision of which involves, no constitutional or federal question.

[2] It is well established by the decisions of the Supreme Court, that, where an absolute right of repeal of a statutory grant is reserved by the granting authority, the exercise of such right is not in violation of the federal Constitution. Northern Central Railroad Co. v. State of Maryland, 187 U. S. 258, 23 Sup. Ct. 62, 47 L. Ed. 167; Hamilton Gas Co. v. Hamilton, 146 U. S. 258, 13 Sup. Ct. 90, 36 L. Ed. 963; Greenwood v. Union Freight R. Co., 105 U. S. 13, 26 L. Ed. 961.

[3] But it does not follow that, when a conditional right of repeal has been reserved, the holder of the grant is not entitled to resort to the federal courts for protection against a repeal enacted before the happening of the event which makes the right of repeal available, or, in other words, to litigate in the federal courts his claim that the repeal has been made not in pursuance of, but in violation of, the terms of the contract. Cases are cited which hold that, though a party claims to found his property right on a federal statute or on a treaty, this fact does not entitle him to resort to the federal courts when he becomes engaged in a controversy concerning such property right which turns wholly on a question of fact. Bushnell v. Smelting Co.; 148 U. S. 682, 13 Sup. Ct. 771, 37 L. Ed. 610; Budzisz v. Steele Co.,

170 U. S. 41, 18 Sup. Ct. 503, 42 L. Ed. 941; Theurkauf v. Ireland (C. C.) 27 Fed. 769; California Gas Co. v. Miller (C. C.) 96 Fed. 12.

In the opinions in these cases many others applying the same principle are cited, but I do not consider these in point on the question now presented. When it is claimed that a contract made by a state or one of its agencies has been impaired by subsequent legislation, the federal courts will construe the statute, or ordinance, or other law of the state alleged to constitute the contract, and determine the proper interpretation to be' given thereto, for the purpose of ascertaining whether there is a contract and whether it has been impaired. Louisville & N. R. Co. v. Palmes, 109 U. S. 244, 3 Sup. Ct. 193, 27 L. Ed. 922, and cases cited.

It .follows that when it is claimed that a franchise contract created by city ordinance, as is alleged in the bill, has been impaired by a repeal without just cause, and the contract clause of the federal Constitution is invoked as invalidating such repeal, the construction to be given to the franchise, especially as to that portion of it which reserves the conditional right of repeal, necessarily involves at the same time the construction of the federal Constitution in order to determine whether the repeal is or is not prohibited by that instrument. Nor, can the question of fact, namely, whether the condition giving rise to the right of repeal really exists, be altogether separated from these questions of law.

A question closely akin to that presented in this case arose in Knickerbocker Trust Co. v. City of Kalamazoo (C. C.) 182 Fed. 865; but the court did not find it necessary to decide it, as it appeared that jurisdiction could be sufficiently grounded upon diverse citizenship alone.

The only case directly in point which has fallen under my observation is that of Iron Mountain Railway Company v. City of Memphis, 96 Fed. 113, 37 C. C. A. 410, decided by the Circuit Court of Appeals of the Sixth Circuit. In a very clear and instructive opinion written by Circuit Judge Taft and concurred in by the entire court, it is held that, on a state of facts substantially identical with the situation shown here, the suit arises under the Constitution of the United States. The franchise ordinance considered in that case contained a conditional pro-. vision for forfeiture by the city and the holder of the franchise brought suit in the United States Circuit Court to enjoin the city from putting into effect a forfeiture which the city had declared pursuant, as it claimed, to the terms of the franchise. On this point the court said:

"Does the resolution impair the obligation of the contract contained in the grant? If what the complainant has done and is doing is a breach of the condition of the grant, then the resolution was certainly neither a breach nor an impairment of the contract. It was only legislative action equivalent to a re-entry upon condition broken in its effect upon the title and right of possession, and was therefore in exact accord with the terms of the contract and grant. If, however, the condition has not been in fact and in law broken, then the resolution as law assumes to divest title and the right of possession, when not permitted by the terms of the contract, and purports to secure a right to the city and her officers of resuming possession which would be violative of its provisions. This is certainly an impairment of the obligation of a contract. It is true that the question whether the resolution impairs

the obligation of a contract turns on mixed quesions of law and fact: First, whether the contract provides for a forfeiture upon a breach of the covenant that the complainant will not charge to Memphis and her citizens unequally discriminating rates; and, second, whether complainant, or any corporation for whom complainant is responsible, is charging such rates. That the application of the constitutional restriction depends partly on a question of fact is no reason for holding that the case is not one in which it may be relied on. The existence of the contract, the impairment of which is averred, may often be an issue of fact. The circumstances which render the operation of the law an impairment of the obligation of the contract may often be brought to the knowledge of the court by parol proof."

At a later point in the opinion it is stated:

"It is unnecessary for us to discuss at length the reasons for holding that the resolution was a law depriving the complainant of its property without due process of law, if, in fact, the condition had not been broken, for they are substantially the same as those just stated for concluding that the resolution is a law of the state impairing the obligation of the contract. If this resolution violates the federal Constitution, there can be no doubt that complainant is entitled to equitable relief. It is certainly a cloud upon the title of the railroad company in its occupancy of the street, which it may ask a court of equity to remove, and to enjoin any claim under it. We conclude, therefore, that the bill stated a good cause of action on the ground that the resolution of the city of March 25, 1898, impaired the obligation of the contract under which the railroad company occupied Kentucky avenue, if it be true, as averred in the bill, that no condition of the contract had been broken justifying forfeiture. This gave to the court below jurisdiction of the whole controversy between the city and the railroad company."

On full consideration I am of opinion that it would not be in accordance either with the adjudged cases or with reason to hold that the jurisdiction of this court upon constitutional grounds does not extend to cases where the contract, which, it is claimed, is impaired by subsequent legislation, contains a conditional reservation of the right of termination or forfeiture. [4] The prohibition of the Constitution against laws impairing the obligation of contracts applies to all contracts, executed and executory, whoever may be parties to them. Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162; Von Hoffman v. Quincy, 4 Wall. 535, 18 L. Ed. 403; Murray v. Charleston, 96 U. S. 432, 24 L. Ed. 760.

I therefore conclude that on the face of the bill the court has jurisdiction, and the demurrer will be overruled.