ROBERT B. KEENE, JR., [1]ET AL., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Keene v. Commissioner
Docket Nos. 4358-81, 4589-81, 4590-81.
United States Tax Court
T.C. Memo 1982-585; 1982 Tax Ct. Memo LEXIS 158; 44 T.C.M. (CCH) 1335; T.C.M. (RIA) 82585; October 5, 1982. Robert B. Keene, Jr., pro se. Thomas N. Tomashek and Dean H. Wakayama, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT *160 AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in Federal income taxes for the year or period ended December 31, 1978, as follows: Addition to Tax
(Sec. 6653(a),
Petitioner
Docket No.
Deficiency
I.R.C. 1954)
Robert B. Keene, Jr.
4358-81
$ 618
$ 31
Keene & Associates,
Inc., P.S.
4589-81
$3,705
$185
Robert B. Keene, Jr.,
Transferee
4590-81
$3,705
$185
Respondent concedes on brief that there is no deficiency in the income tax (or addition to tax) of Keene & Associates, Inc., P.S., (hereinafter Associates) for the taxable period ended December 31, 1978 (docket No. 4589-81), and that Robert B. Keene, Jr., (petitioner) is not liable as transferee of the assets of the corporation for that period (docket No. 4590-81). [2] The issues remaining for decision are whether petitioner (docket No. 4358-81) is entitled to an investment credit for 1978 on assets he received pursuant to the plan of complete liquidation of Associates, and whether petitioner is liable for an addition to tax pursuant to section 6653(a). [3]
*161 FINDINGS OF FACT When he filed his petition, petitioner was a legal resident of Richland, Washington. He timely filed an individual income tax return for 1978. Petitioner was a certified public accountant engaged in conducting a public accounting practice in Richland, Washington. On April 1, 1976, petitioner incorporated his accounting practice by transferring his business assets to Associates, a newly formed corporation, in exchange for its stock. Petitioner, the president of Associates, owned all of its stock from its incorporation until its liquidation on December 31, 1978. The liquidation was accomplished, pursuant to section 331, by the transfer of all of Associates' assets and liabilities to petitioner in exchange for all of his stock. Among the assets petitioner received on liquidation was certain depreciable property (mostly office equipment) which had been acquired by Associates either during its fiscal year ended March 31, 1978, or during its short year from March 31, 1978 to the liquidation on December 31, 1978. Following the liquidation, petitioner used all of the property transferred to him in the continuation of his accounting work through a sole proprietorship. *162 On his individual Federal income tax return, petitioner claimed an investment credit of $3,137, for the acquisition of qualified property in the amount of $31,365. Respondent determined that an investment credit is not allowable with respect to property, valued at $23,859, received on the liquidation of Associates. OPINION The issue of whether petitioner is entitled to the disputed investment credit turns on the precise language of several Code sections which are tied together by cross references. Section 48(b) and (c)[4] classifies "section 38 property" (i.e., property qualifying for an investment credit; section 38, section 48(a)), as being either "new" or "used." Because the "original use" of the property here in question commenced with Associates, and not with petitioner, it does not qualify as "new" property. Our question thus narrows to whether the property meets the definition of "used section 38 property" as set forth in section 48(c). If it does not meet that defintion, the property will not support an investment credit. *163 To qualify as "used section 38 property" under the section 48(c) definition, the property must meet certain requirements; in particular, it (1) must be "acquired by purchase," as defined by section 179(d)(2); and (2) must not "after its acquisition by the taxpayer, * * * [be] used by a person who used such property before such acquisition (or by a person who bears a relationship described in section 179(d)(2)(A) or (B) to a person who used such property before such acquisition)." Section 48(c)(1) and (3); [5]section 1.48-3(a)(2)(i), Income Tax Regs.
Contending that petitioner fails to meet the purchase and no-related-user requirements of section 48(c), respondent refers us to section 179(d)(2)(A) [6] which defines the term "purchase." That section excludes from the definition of "purchase" any property acquired by certain related persons as described (with modifications irrelevant here) in section 267. Section 267(b)(2) classifies as related "[a]n individual and a corporation more than 50 percent *164 in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual." Because petitioner owned 100 percent of the stock of Associates, the prior user, he clearly falls within the section 267 definition of proscribed relationships and hence the section 179(d)(2)(A) description. Therefore, petitioner's acquisition of the property from Associates does not qualify as a "purchase" within the meaning of the section 48(c)(3) definition of "used section 38 property". Furthr, because petitioner personally used the property *165 after acquiring it from his wholly owned corporation, the property runs afoul of the parenthetical no-related-user qualification of section 48(c)(1). We hold that respondent correctly denied the investment tax credit for petitioner in 1978. Petitioner does not appear to argue otherwise on the merits. [7] His arguments on brief, some of which seem quite unrelated to the "questions" they supposedly address, center mainly on the conceded issues. In the "questions presented" portion of his brief, he puts in issue the addition to tax for negligence under section 6653(a)[8] in the amount of $31; the addition in this amount relates to the denial of the investment credit which we have just upheld. Petitioner makes, however, only a vague constitutional argument which appears to apply just to the addition to tax on the new jobs credit, an issue respondent has conceded. This constitutional argument is without merit in any event. [9]
*166 Petitioner has presented no evidence explaining why he, a practicing accountant, was not negligent in taking a tax credit which the Code definitely (though via a rather roundabout method) does not permit. As petitioner has failed to carry his burden of proof, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, we sustain respondent on this issue. Due to respondent's concessions, Decision will be entered for respondent in docket No. 4358-81.
Decisions will be entered for petitioners in docket Nos. 4589-81 and 4590-81.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Keene & Associates, Inc., docket No. 4589-81; Robert B. Keene, Jr., Transferee, docket No. 4590-81.↩
2. Associates reported its income on the basis of a fiscal year ended Mar. 31, 1978; because it was liquidated as of Dec. 31, 1978, it had a short fiscal year beginning Apr. 1, 1978, and ending Dec. 31, 1978. ↩
3. All section references are to the Internal Revenue Code of 1954, as in efect during the tax years in issue, unless otherwise noted.↩
4. SEC. 48. DEFINITIONS; SPECIAL RULES. (b) New Section 38 Property.--For purposes of this subpart, the term "new section 38 property" means section 38 property-- (1) the construction, reconstruction, or erection of which is completed by the taxpayer after December 31, 1961, or (2) acquired after December 31, 1961, if the original use of such property commences with the taxpayer and commences after such date. (c) Used Section 38 Property.-- (1) In General.--For purposes of this subpart, the term "used section 38 property" means section 38 property acquired by purchase after December 31, 1961, which is not new section 38 property. Property shall not be treated as "used section 38 property" if, after its acquisition by the taxpayer, it is used by a person who used such property before such acquisition (or by a person who bears a relationship described in section 179(d)(2)(A) or (B) to a person who used such property before such acquisition). (3) Definitions.--For purposes of this subsection-- (A) Purchase.--The term "purchase" has the meaning assigned to such term by section 179(d)(2).↩
5. Petitioner does not argue that the property was used on a "casual basis" by Keene & Associates prior to its acquisition by him. See sec. 1.48-3(a)(2)(ii), Income Tax Regs.↩
6. SEC. 179. ELECTION TO EXPENSE CERTAIN DEPRECIABLE BUSINESS ASSETS. (d) Definitions and Speical Rules.-- (2) Purchase defined.--For purposes of paragraph (1), the term "purchase" means any acquisition of property, but only if-- (A) the property is not acquired from a person whose relationship to the person acquiring it would result in the disallowance of losses under section 267 or 707(b) (but, in applying section 267(b) and (c) for purposes of this section, paragraph (4) of section 267(c) shall be treated as providing that the family of an individual shall include only his spouse, ancestors, and lineal descendants),↩
7. In the "questions presented" portion of his brief, petitioner questions denial of the credit under sec. 48; he relies, however, only on unspecified constitutional grounds. We perceive no constitutional problems on this record. He makes the further statement in his brief: I believe the agreement is I.R.C. section 48 would be a waste of time unless I decide to file criminal charges in District Court against persons in the State of Washington and U.S. Government for causing the liquidation. [sic] Therefore, I am dropping the issue in Tax Court. Given the ambiguity of the status of this issue in petitioner's brief, which he prepared without the assistance of counsel, and the relevance of the issue to the negligence question, we consider it proper to decide the issue on its merits. ↩
8. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard to Rules and Regulations with Respect to Income or Gift Taxes.-- (1) In general.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. ↩
9. Petitioner's entire argument is as follows: The negligence penalty is not because Mr. Keene has the right to use the new jobs credit. [sic] If the Court decides that Mr. Keene does not have the job credit then Mr. Keene has no choice but to declare I.R.C. § 6653(a) unconstitutional, because the I.R.C. § 6653(a) does not provide for a penalty against the I.R.S. when they fail to follow rules, regulations, or statutes. Then, taxpayers can not be singled out for special treatment because Article I, section 8, paragraph 1 of the U.S. Constitution requires uniformity. It is well settled that the "uniformity clause" refers only to "geographic" uniformity, and not to "intrinsic" uniformity among taxpayers. Knowlton v. Moore,170 U.S. 41, 98, 106 (1900); Brushaber v. Union Pac. R.R.,240 U.S. 1, 24 (1916). Cf. High Plains Agricultural Credit Corp. v. Commissioner,63 T.C. 118, 127↩ (1974).