**Debbie ROCKHOLT, Plaintiff,**

v.

**UNITED VAN LINES, a Missouri corporation, Cater Moving Systems, and Golden North Van Lines, Defendants.**

**Civ. No. 87–3073.**

United States District Court,
D. Idaho.

Oct. 20, 1988.

Marcy J. Spilker, Aherin & Rice, P.A., Lewiston, Idaho, for plaintiff.

Robert P. Brown, Bentley G. Stromberg, Clements, Brown & McNichols, Lewiston, Idaho, for defendants.

## MEMORANDUM OPINION AND ORDER

RYAN, Chief Judge.

### I.  FACTS AND PROCEDURE

Plaintiff contracted with United Van Lines (UVL) to pack and ship assorted household goods from Anchorage, Alaska, to Lewiston, Idaho.  On April 2, 1986, UVL loaded goods and personal property belonging to the plaintiff onto a truck bound for a warehouse in Anchorage, Alaska.  Thereafter, the plaintiff's goods were delivered to the Cater Moving Systems (Cater) warehouse located in Lewiston, Idaho.  Later, the goods were delivered from the Cater warehouse to a residence, presumably the plaintiff's.  The plaintiff, upon opening the boxes, discovered that a number of items which had been packed in Anchorage, Alaska, were missing.  Plaintiff filed a claim shortly thereafter.  Plaintiff's claim for damages in the amount of $6,631.95 was denied by the defendants.  As a result, the plaintiff brought an action in state district court alleging willful breach of contract, negligence, and conversion.  The plaintiff, in addition to the actual damages claimed, sought to recover damages for emotional distress, punitive damages, and attorney's fees.  The case was removed to federal court pursuant to defendants' Petition for Removal.  Defendants filed a motion with this court on August 1, 1988, to dismiss plaintiff's claim for failing to state a claim upon which relief may be granted and, in the alternative, for an order striking plaintiff's claims for emotional damages, punitive damages, and attorney's fees.

### II.  ANALYSIS

Before the court can address these issues, however, it must determine whether federal jurisdiction exists.  Defendants asserted in the Petition for Removal that federal jurisdiction existed under 28 U.S.C. § 1337 and 28 U.S.C. § 1332.

■  At first blush, it appears that defendants are correct when they state that this court has original jurisdiction.  A closer examination of the statutes the defendants base federal jurisdiction on, however, reveals that federal jurisdiction is not so clear-cut.  Title 28 U.S.C. § 1337(a) provides in part that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce...."  28 U.S.C.S. § 1337(a) (Law.Co-op.1986).  Section 1337(a) continues, however, noting that district courts shall have original jurisdiction over Carmack Amendment claims (49 U.S.C. § 11707) "only if the matter in controversy for *each* receipt or bill of lading exceeds $10,000, exclusive of interest and costs."  *Id.* (emphasis added).

The amount-in-controversy requirement of Section 1337 has been strictly enforced.  *Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 *reh'g denied,* 474 U.S. 1014, 106 S.Ct. 547, 88 L.Ed.2d 476 (1985).  The court in *Hunter* noted that:

> Section 1337(a)'s jurisdictional amount requirement relating to Carmack Amendment claims is *more stringent* than other jurisdictional amount requirements; whereas, ordinarily, separate federal claims against the same defendant may be aggregated to meet the jurisdictional amount requirement in [sic] section 1337(a)'s precludes aggregation of separate Carmack Amendment claims.

*Id.* at 648.

The court in *Hunter* noted that the express language of Section 1337(a) required the matter in controversy for *each* receipt

or bill of lading to exceed $10,000.00. It was abundantly clear to the court in *Hunter* that Congress, in adopting Section 1337(a), had intended to narrow federal jurisdiction in Carmack Amendment cases. Consequently, the jurisdictional amount requirement could not be satisfied by aggregating the amounts claimed under state law claims with the amounts claimed under the Carmack Amendment. *Id.*

*Hunter* involved facts similar to the case at bar. In *Hunter*, the plaintiffs filed suit in state court against a common carrier. The complaint presented a claim under the Carmack Amendment as well as several state law claims. Plaintiffs' Carmack Amendment claim sought damages of $2500.00 and $3,000.00 in attorney's fees, excluding state law claims. The defendant removed the case to federal district court pursuant to 28 U.S.C. § 1441(a). The district court, believing it had jurisdiction, denied plaintiff's motion to remand and granted partial summary judgment to the defendants on the ground that their state law claims were preempted by the Carmack Amendment. Plaintiffs appealed. On appeal the Ninth Circuit, relying on its literal interpretation of Section 1337, refused to aggregate attorney's fees with Carmack Amendment claims for purposes of satisfying the amount-in-controversy requirement of Section 1337. *Id.* at 638, n. 2.

The court in *Hunter* also refused to consider the plaintiff's state law claims for fraud in the negotiation of the contract of carriage, bad faith, and intentional infliction of emotional distress for purposes of satisfying the amount-in-controversy requirement of Section 1337(a). The court concluded that such claims could not be said to "arise under" federal law within the meaning of 28 U.S.C. §§ 1331 or 1337, noting that "the role played by federal law in plaintiff's state-law claim for tortious bad faith (as well as in plaintiff's other state-law claims) is insufficient to [give] rise to federal 'arising under' jurisdiction." *Id.* at 646.

In the present case, the plaintiff, in addition to her state law claims totaling some $30,000.00, has sought Carmack claim damages totaling $6,631.95 and an unspecified amount of attorney's fees. This court, given the Ninth Circuit's reluctance in *Hunter* to aggregate attorney's fees with Carmack Amendment claims and its opinion that such state law tort claims do not "arise under" Section 1337 for the purpose of satisfying the amount-in-controversy requirement, is left with the firm belief that such claims may not be aggregated to reach the minimum amount-in-controversy requirement of 28 U.S.C. § 1337. If this were the sole basis of federal jurisdiction, this court would be compelled to remand this case to state district court.

■ The defendants, however, in their Petition for Removal, have also alleged that this court has jurisdiction under 28 U.S.C. § 1332. Section 1332 provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000 ... and is between—(1) Citizens of different States...." 28 U.S.C.S. § 1332 (Law.Co-op.1986). With regard to Section 1332, Professors Wright and Miller have noted: "The general rule is that in an action involving a single plaintiff and a single defendant, when the basis of jurisdiction is diversity of citizenship ... a party may aggregate all the claims he has against an opposing party in order to satisfy the requisite jurisdictional amount." 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1588 (1971).

The plaintiff has not only claimed damages under the Carmack Amendment, but has also sought damages, both general and punitive, totaling $30,000.00 and an award of reasonable attorney's fees. It does not appear to a legal certainty that the claim is for less than the jurisdictional amount, nor have the defendants argued that the claim is not made in good faith. Furthermore, under Section 1332 it is clear that attorney's fees may be included as part of the matter in controversy. Thus, even if plaintiff's state law claims were not aggregated for purposes of satisfying the amount-in-controversy requirement, it does not appear with a legal certainty that an award

of reasonable attorney's fees when added to plaintiff's Carmack Amendment claim would not meet the jurisdictional amount requirement.

Under 28 U.S.C. § 1332, the parties, in addition to satisfying the amount-in-controversy requirement, must establish diversity of citizenship. Defendants in their Petition for Removal have asserted that plaintiff is, and was at the time of filing suit, a citizen of Idaho; that Defendant UVL is, and was at the time suit was filed, a Missouri corporation with its principal place of business in Missouri; that Defendant Golden North Van Lines, Inc., is, and was at the time suit was filed, an Alaskan corporation with its principal place of business in Alaska; and that Cater Moving Systems, a sole proprietorship, is, and was at the time suit was filed, owned by James M. Connors, a citizen of the State of Washington. Thus, it appears that this court has original jurisdiction pursuant to 28 U.S.C. § 1332 and may entertain defendants' motion to dismiss and motion to strike.

Because there appears to be federal jurisdiction based on diversity, this court may address the defendants' motion to dismiss and, in the alternative, defendants' motion to strike plaintiff's claims for emotional damages, punitive damages, and attorney's fees.

> A motion to strike [however] is ... neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint, or a counterclaim, or to strike affidavits. But as is true in other contexts, the technical name given to a motion challenging a pleading is of little importance inasmuch as prejudice hardly can result from treating a motion that has been inaccurately denominated a motion to strike as a motion to dismiss the complaint.

5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1380 (1969). Consequently, defendants' motion will be treated as a motion to dismiss the complaint either partially or in its entirety.

■ Defendants assert that plaintiff's complaint must be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. The defendants contend that plaintiff's complaint, construed in the light most favorable to the plaintiff, fails to state any valid claim for relief. It should be noted that the Federal Rules of Civil Procedure have liberalized the rules of pleading. Under the rules, all pleadings are to be construed as to do substantial justice. Fed.R.Civ.P. 8(f). As one court noted:

> Facts must be alleged in the complaint sufficient to inform the court that the action arises under the Constitution, laws or treaties of the United States. The complaint need not formally recite such law because the court will look to the substance of the pleading as well as to its form. A plaintiff framing a complaint in terms of the state law will not prevent a court from taking judicial notice of appropriate federal law if sufficient factual allegations are pleaded.

*E.W. Bowman, Inc. v. Norfolk & Western Ry. Co.,* 403 F.Supp. 389, 390 (W.D.Pa. 1975).

It is well settled that a claimant seeking recovery under the Carmack Amendment for loss or damage to goods sustained during interstate shipment must allege: (1) receipt of the goods by the carrier in good order and condition; (2) that the shipment arrived at its destination in a damaged condition or did not arrive at all; and (3) the amount of the loss. *See* 49 U.S.C. § 11707; *Missouri Pac. R.R. Co. v. Elmore J. Stahl,* 377 U.S. 134, 138, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964).

The complaint construed in the light most favorable to the plaintiff alleges facts sufficient to establish a claim under the Carmack Amendment. Consequently, defendants' motion to dismiss Count I pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be denied.

■ Defendants, however, have also moved this court for an order striking plaintiff's claims for emotional damages, punitive damages, and attorney's fees. Defendants, in support of this motion, argue that plaintiff's state law claims are preempted by the Carmack Amendment. To date, five circuits have addressed this

very issue.[1] Of the circuits which have considered the issue, only one has held that the Carmack Amendment does not preempt a shipper from seeking state and common law remedies against a carrier who has damaged or lost the shipper's goods during interstate transit. *See Litvak Meat Co. v. Baker,* 446 F.2d 329 (10th Cir.1971).

The Supreme Court has provided considerable direction to the lower federal courts in the area of preemption. The Court has made it clear that a federal law may only preempt state and common laws if it can be established that Congress so intended. *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). However, congressional intent may be established in a variety of ways. Such intent may be inferred where Congress has legislated so comprehensively that it has left no room for supplementary state legislation. *Id.* at 230, 67 S.Ct. at 1152. The Court has also recognized that preemption may be inferred where state legislation would impede the very purpose and objectives of Congress as expressed in its legislative enactment. *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.,* 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed. 2d 714 (1985).

The language of the statute, itself, often provides insight into the purposes of the statute. Title 49 U.S.C. § 11707(a)(1) provides in part that:

[A] carrier or freight forwarder and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the [Interstate Commerce] Commission under subchapter I, II, or IV are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier

over whose line or route the property is transported.....

49 U.S.C.S. § 11707(a)(1) (Law. Co-op. 1979 & Supp.1988). It seems clear from this language that Congress envisioned contractual liability for carriers for "the actual loss or injury to the property," not liability in tort.

The Ninth Circuit, in commenting on the availability of contractual damages under a Carmack Amendment claim, noted that "[t]he Carmack Amendment does not alter the common law as to special damages. Only those damages can be recovered as may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract." *F.J. McCarty Co., Inc. v. Southern Pac. Co.,* 428 F.2d 690, 693 (9th Cir.1970) (citations omitted).

The United States Supreme Court first addressed the "limited liability" of carriers and the preemptive nature of the Carmack Amendment in *Adams Express Co. v. Croninger,* 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913). The Court in *Croninger* noted that:

To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading and the liability thereby assumed are covered in full, and though there is no reference to the effect upon state regulation, it is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject.

*Id.* at 506, 33 S.Ct. at 152.

The Court addressed the comprehensive nature of the Carmack Amendment again

---

**1.** *See Hughes v. United Van Lines, Inc.,* 829 F.2d 1407 (7th Cir.1987); *Fulton v. Chicago, Rock Island & Pac. R.R. Co.,* 481 F.2d 326 (8th Cir. 1973); *American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.,* 422 F.2d 462 (6th Cir.1970); *Chicago & NorthWestern Ry. Co.*

*v. Davenport,* 205 F.2d 589 (5th Cir.1953) *cert. denied,* 346 U.S. 930, 74 S.Ct. 320, 98 L.Ed. 422 (1954) (holding that common law actions for damages were preempted by the Carmack Amendment).

in *New York, New Haven & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128, 73 S.Ct. 986, 97 L.Ed. 1500 (1953). In *Nothnagle*, a passenger on defendant's railroad sought to hold the railroad liable for loss of baggage. The railroad maintained that its liability was governed by a tariff schedule filed with the Interstate Commerce Commission which limited recovery to $25.00 unless the passenger had declared in writing a higher valuation. The state courts concluded that the parties' rights were governed by Connecticut bailment law, rather than the federal law which limited carrier liability, because the railroad had accepted the baggage for safekeeping and not for transportation. On appeal the United States Supreme Court addressed this apparent conflict between state and federal law noting: "With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *Id.* at 131, 73 S.Ct. at 988. The Court, without relying on Connecticut bailment law, concluded that the carrier could not limit liability without first providing passengers notice of an opportunity to insure their baggage for an amount greater than $25.00.

More recently, the Seventh Circuit in *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407 (7th Cir.1987), noted that, "[t]o permit a shipper to choose among various types of remedies would cause confusion and insurmountable problems and defeat the Act's purpose of eliminating uncertainty as to a carrier's liability by injecting uncertainty back into this area of transportation Congress has sought to regulate." *Id.* at 1415. The court explained the practical difficulties with such a disparate system in a footnote:

> If state remedies were available, imagine the scenario of legal problems that an ingenious lawyer could invent. Consider a situation where a carrier of goods collides with another vehicle at a state border causing damages to the goods, then skids across the state line, is struck by another vehicle and a fire ensues destroying most of the goods being shipped. Assuming each state has different remedy provisions, which state's statute prevails? In what state was the damage caused to establish liability?

*Id.* at 1415, n. 7.

The Tenth Circuit, for reasons unknown, stands alone in holding that the Carmack Amendment does not preempt state and common law remedies. This court believes that the better view is that espoused by the Supreme Court in *Croninger* and subsequently adopted by the other circuits which have considered the issue. Thus, to the extent the relief sought by the plaintiff is inconsistent with the Carmack Amendment, it is dismissed for failing to state a claim upon which relief may be granted.

■ Consequently, plaintiff is left with a Carmack claim for "actual loss or injury to property" in the amount of $6,631.95, as well as a claim for reasonable attorney's fees pursuant to 49 U.S.C. § 11711(d). UVL maintains that attorney's fees are not recoverable in a Carmack Amendment action. Section 11711(d), however, provides for the award of reasonable attorney's fees if

(1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;

(2) the shipper prevails in such court action; and

(3)(A) no dispute settlement program approved under this section was available for use by the shipper to resolve the dispute; or

(B) a decision resolving the dispute was not rendered under a dispute settlement program approved under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or

(C) the court proceeding is to enforce a decision rendered under a dispute settlement program approved under this section and is instituted after the period for performance under such decision has elapsed.

49 U.S.C.S. § 11711(d) (Law. Co-op. 1979 & Supp.1988). There is no need to examine the case law plaintiff cites in support of

attorney's fees in Carmack Amendment cases. The statute, itself, provides authority for the award of reasonable attorney's fees. Consequently, UVL's "motion to strike" that portion of the complaint as it relates to attorney's fees must be denied.

## III. ORDER

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that Count I of plaintiff's Complaint, to the extent it includes an award for punitive damages, should be, and is hereby, DISMISSED for failing to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Count II of plaintiff's Complaint should be, and is hereby, DISMISSED for failing to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Count III of plaintiff's Complaint should be, and is hereby, DISMISSED for failing to state a claim upon which relief may be granted.