**CAROUSEL NUT PRODUCTS, INC., Plaintiff,**

v.

**MILAN EXPRESS CO., INC., Defendant and Third–Party Plaintiff,**

v.

**VIKING FREIGHT SYSTEM, INC., Third–Party Defendant.**

**Civ. A. No. 90–0212–O(CS).**

United States District Court,
W.D. Kentucky,
at Owensboro.

July 8, 1991.

John T. Lovett, Lovett & Lamar, Owensboro, Ky., for plaintiff Carousel Nut Products, Inc.

Henry E. Seaton, Washington, D.C., William E. Rummage, Rummage, Kamuf, Yewell, Pace & Condon, Owensboro, Ky., for defendant and third-party plaintiff Milan Express Co., Inc.

James D. Harris, Jr., Harlin and Parker, Bowling Green, Ky., for third-party defendant Viking Freight System, Inc.

**MEMORANDUM OPINION
AND ORDER**

SIMPSON, District Judge.

This action concerns claims by the plaintiff, Carousel Nut Products, Inc. ("Carousel"), resulting from losses, late delivery of, and damage to various shipments of products Carousel had consigned to the defen-

dant, Milan Express Co., Inc. ("Milan"), for transport to out-of-state customers.

In the complaint, Carousel alleges that it suffered losses on five separate occasions. In a November 1, 1989 shipment, two cases of gift baskets allegedly went undelivered, causing Carousel a loss of around $216.00. Out of a November 11, 1989 shipment, Carousel alleges that sixty-six cases went undelivered, causing a loss to Carousel of $5,138.08. In a November 22, 1989 shipment, Carousel alleges it suffered losses of $8,870.40 for lost or damaged goods, and suffered an additional $357.50 in damages for handling and return-freight charges. In a December 12, 1989 shipment, Carousel is said to have suffered damages in the amount of $2,137.20, due to thirty cases of seasonal products being delivered to customers after Christmas, when they were no longer salable. Finally, on an April 23, 1990 shipment, one case of goods went undelivered, having a total value of $54.00 for which Carousel claims loss. Carousel seeks a total of $16,773.08 "for lost and/or damaged property shipped with Milan."

The nature of Carousel's claims makes them cognizable under the so called "Carmack Amendment" to the Interstate Commerce Act, 49 U.S.C. § 11707. The Carmack Amendment requires a common carrier who transports property to issue to the shipper a bill of lading or a receipt, and makes the common carrier liable to one entitled to recover under the bill of lading or receipt for loss or injury to the property. The Carmack Amendment applies to a wide range of breaches of contract of carriage, and preempts state law causes of action and remedies. *American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.,* 422 F.2d 462 (6th Cir.1970); *Rockholt v. United Van Lines,* 697 F.Supp. 383, 387 (D.Idaho 1988). State courts have jurisdiction to hear Carmack Amendment claims that do not fall within the federal district court's jurisdiction. 49 U.S.C. § 11707(d)(1) ("A civil action under this section may be brought against a delivering carrier ... in a district court of the United States or in a State court.")

The litigation, originally filed in Daviess County, Kentucky Circuit Court, was removed to this court by Milan under an invocation of original jurisdiction pursuant to 28 U.S.C. § 1337. A district court may always examine its jurisdiction. Fed.R. Civ.P. 12(h)(3). Upon review *sua sponte,* we conclude that subject matter jurisdiction is lacking and that removal was improper.

This court has original jurisdiction over claims arising under the Carmack Amendment only if "the matter in controversy *for each receipt or bill of lading* exceeds $10,-000.00, exclusive of interest and costs." 28 U.S.C. § 1337(a) (emphasis added). Because there is no single bill of lading here involving an amount exceeding $10,000.00, the case does not fall within our original subject-matter jurisdiction.

Under 28 U.S.C. § 1445(b), "A civil action in any State court against a common carrier ... to recover damages for delay, loss, or injury of shipments, arising under Section 11707 of Title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000.00, exclusive of interests and costs." Although § 1445(b) does not expressly require that the matter in controversy for each receipt or bill of lading exceed $10,000.00, we believe that the Congress intended that the jurisdictional requirements for suits under the Carmack Amendment, whether brought under this court's original jurisdiction pursuant to § 1337(a) or removed under § 1445(b), be the same. *See e.g.,* S.Rep. No. 117, 95th Cong., 2d Sess. 49, *reprinted in* 1978 U.S. Code Cong. & Admin.News 3569, 3612. We therefore conclude that 28 U.S.C. § 1445(b) must be read to require that each bill of lading involve an amount in controversy exceeding $10,000.00. Separate claims arising from different bills of lading may not be aggregated to satisfy the $10,-000.00 amount in controversy requirement. *See, e.g., Pillsbury Co. v. Atchison, Topeka & Santa Fe Railway,* 548 F.Supp. 28 (D.Kan.1982); *Ford Motor Co. v. Transport Indem. Co.,* 41 B.R. 433 (E.D.Mich. 1984), *rev'd on other grounds* 795 F.2d 538

(6th Cir.1986) (finding another basis for jurisdiction)

For the foregoing reasons, we find that this court lacks subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the Daviess County, Kentucky Circuit Court for all further proceedings. A certified copy of this order shall be mailed to the clerk of said court by the clerk of this court.

IT IS SO ORDERED.